No. 24,925.

TILLIE HARDESTY, *Appellee,* v. FRANK HARDESTY, *Appellant.*

### SYLLABUS BY THE COURT.

DIVORCE AND ALIMONY—*No Divorce—Property Divided—Subsequent Action—Divorce Granted—Permanent Alimony Awarded.* An order for the division of property made in pursuance to section 668 of the civil code where an application for a divorce by the husband was refused, did not preclude the granting of permanent alimony to the wife when several years afterwards a divorce was granted to the wife for the wrongs of the husband.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed January 12, 1924. Affirmed.

*C. A. Smart,* of Lawrence, *A. E. Crane, B. F. Messick* and *Guy Bradford,* all of Topeka, for the appellant.

*J. J. Schenck,* and *W. E. Atchison,* both of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from an award of alimony to Tillie Hardesty when she was granted a divorce from her husband, Frank Hardesty.

They were married on January 6, 1885, and four children were born to them, all of whom had reached the age of majority before the action was brought. In her petition plaintiff charged that defendant began living in adultery with a woman of bad repute in 1912, and since that time had treated plaintiff in a cruel and abusive manner. In this action she alleged that on June 23, 1914, she brought a former action against the defendant for separate maintenance and it was therein determined that the plaintiff had been a faithful wife, but that defendant had abandoned her and since 1911 had lived most of the time in adultery with another woman. She was awarded certain allowances including $50 per month towards the support of herself and children and he was required to pay a bill of $138.92 for necessaries previously purchased for plaintiff and children.

In the present action it was alleged and shown that in June, 1917, the defendant went to Reno, Nevada, and there attempted to obtain a divorce from plaintiff. She appeared and resisted the application and the court refused to grant him a divorce. In August, 1920, the defendant commenced a suit against the plaintiff in Osage county, asking for a divorce on the ground of abandonment and at the end of the trial the court found in favor of the wife holding that he was the offending party, that he had been guilty of adultery and that such adultery had never been condoned by the wife. A divorce being refused the court proceeded to make a division of the property giving her, apparently with the acquiescense of both parties, three houses in Topeka and quieting her title in them as against her husband. She was also given household goods and personal property then in her possession in Topeka and defendant was given 360 acres of land in Osage county as his absolute property. Tillie Hardesty was required to deliver to her husband quit-claim deeds of these lands. The decree provided that the title to the property so awarded should vest in each of them, giving each the right to convey and dispose of the same without the consent of the other.

13—115 KAN.

In the present action it was alleged that since that time the plaintiff had acquired much additional land all of which was of the value of $200,000, that he owned bank stock of the value of $10,000, farming implements of the value of $2,000 and other lands than those mentioned of the value of $40,000, and that his annual income amounted to from twelve to fifteen thousand dollars. The plaintiff alleged that while she owned real estate in the city of Topeka that she had no money with which to defray the expenses of the divorce action, she therefore prayed that she be granted temporary alimony and attorney fees and that at the final hearing she be granted a divorce with permanent alimony. In his answer defendant alleged that there had been a division of property in the proceeding in Osage county, and that all the property rights of the parties had been fully adjudicated, and finally determined. He further alleged that since the decree of divorce was entered the defendant inherited from his mother considerable property and that the plaintiff was not entitled to any part and portion thereof and had not in any way contributed towards the procurement of that property. The court granted the divorce and adjudged that the defendant should pay the plaintiff permanent alimony in the sum of $10,000, which should be made a lien on the defendant's real estate. The defendant does not contest the granting of the divorce but insists that the court erred in awarding permanent alimony to the plaintiff. The contention is that when a division of property was made in the proceeding in Osage county it was done by an agreement of the parties and that the decree entered is *res adjudicata* of the question of alimony and the court was not justified in taking another slice out of the defendant's patrimony or estate. The division of property made in 1920 when defendant's application for a divorce was refused is no bar to a just allowance of permanent alimony when a divorce was subsequently granted to the wife. The statute, so much as is necessary to quote, provides that when a divorce is refused:

". . . the court may for good cause shown make such order as may be proper, . . . for the control and equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties," etc. (Civ. Code § 668.)

A division of property is made while the marriage relation continues in existence and is in a sense a substitute for separate main-

tenance or temporary alimony. It is made regardless of the merits of the application for a divorce or as to the party who is at fault and in making it the court has no power and does not reach into the future and make disposition of subsequent earnings or accumulations of either party. The power of the court only extends over the property owned by the parties when the order for division is made. (*Johnson v. Johnson,* 57 Kan. 343, 46 Pac. 700.) The property set apart by the division was not alimony, which is a provision for the nourishment and support of the wife and children in the future. Here there was no divorce when the division was made, the parties continued to be husband and wife and the marital obligations of the relation remained. The wife for reasons of her own did not desire a divorce and resisted her husband's application for one. She may have thought that her husband might be reformed, that he might voluntarily resume the discharge of the marital duties and obligations which he had theretofore violated and repudiated and from which he was not entitled to be relieved. The court on the evidence determined that the husband and not the wife was the offending party and refused the divorce. It recognized an existing separation, also that his reclamation was improbable and that a reunion was not likely to occur and the wife needing the necessaries of life, a division of the husband's property was made. The statutory provision under which the order was made contains nothing indicating that such an allowance precludes an award of permanent alimony if a divorce is subsequently granted. On the contrary in the later section of the same act it is provided that when a divorce shall be granted for the fault of the husband, the wife shall be allowed such alimony as the court shall deem reasonable, having due regard to the value of the husband's property, at the time of the divorce. (Civ. Code, § 673.) Under this provision it was incumbent on the court to make a just provision for permanent alimony when the divorce was granted although allowances had been previously made for maintenance by a division of property when the former application for a divorce had been refused. In granting permanent alimony the court of course should and doubtless did take into consideration the allowance formerly made in the division of property. The division was made as of the time the divorce was refused and the permanent alimony was allowed several years later as of the time when the divorce was granted. The former was for the needs of the wife at that time and

according to the property then owned by the husband, the latter was granted at the dissolution of the marriage and it was for the future support of the wife and given by way of compensation for the deprivations growing out of the husband's wrong and as a substitute for her interest in the property of the husband prior to the granting of the divorce. The allowance of the permanent alimony for plaintiff was authorized by law and the amount awarded was well justified by the facts brought out in the case.

Judgment affirmed.