No. 40,756

Bertha V. Meads, *Appellee*, v. James Warren Meads, *Appellant*.

(320 P. 2d 830)

Opinion filed January 25, 1958.

*Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Russell Cranmer, Dale B. Stinson, Jr., Cliff W. Ratner, William L. Fry, A. Wayne Murphy, Bernard V. Borst, D. Clifford Allison* and *Gerald D. Lasswell*, all of Wichita, were on the briefs for the appellant.

*Lawrence Weigand, Lawrence E. Curfman, Byron Brainerd, Charles W. Harris, Orval J. Kaufman, J. Ruse McCarthy, Thomas A. Wood* and *Donald A. Bell*, all of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This was an action for divorce, custody of the minor children of the marriage, alimony and division of property. Plaintiff wife (appellee) was granted a divorce for the fault of defendant husband (appellant). The sole issue presented on this appeal is whether the trial court erred in its division of the jointly acquired property and in setting aside to plaintiff property in lieu of alimony. Neither party complains about that portion of the judgment granting plaintiff a divorce and the custody of the children, so we will limit our statement of the essential facts to the pertinent question involved.

The parties were married in 1932, and a son and daughter, now nineteen and fourteen years of age, respectively, were born of the marriage. Plaintiff worked outside the home for all the years of the marriage with the possible exception of three years due to the birth of her children. All of the property of the parties was acquired during the marriage through their joint efforts.

In 1938 they purchased for $3500.00 a plot of ground in Missouri with a filling station thereon, paying for it through the "gallonage rent" they collected. In 1941 they purchased a 154-acre farm situated in Missouri. Plaintiff used her earnings to make payments on the farm, and since 1951 has managed it. In 1951 the parties mortgaged the Missouri farm for $3500.00, sold the stock and hay thereon for $500.00, and used the entire amount as a down payment on a home in Wichita, the purchase price of which was $8,000.00. Defendant secured a position with an aircraft plant, and plaintiff found employment also. As time went on, the loan on the Missouri farm was paid, and this property was free of encumbrance at the time of the trial. However, at that time, $5,098.00 was due on the Wichita home, which was being paid by monthly installments of $88.00. The parties also possessed substantial household furnishings. Plaintiff had purchased an automobile and title was in her name. Defendant held title to a 1951 Ford which had been paid for by his son. At the time of the trial, the parties had on hand a small amount of cash which was applied on litigation costs. Defendant's income for 1955 was $5,000.00 and he testified he expected to make a total of $5,200.00 in 1956.

The trial court found and ordered that as a division of property and in lieu of alimony there should be set apart to the plaintiff the Wichita home, subject to the mortgage indebtedness of record ($5,098.00), which plaintiff was ordered to assume and pay, and the farm in Missouri; and that as a division of property there should be set apart to the defendant the filling station property in Missouri. Plaintiff was also awarded the household furnishings. Defendant was relieved from paying any portion of the mortgage on the Wichita property given to plaintiff.

Defendant contends that the court erred in its division of the property, as well as in its allowance of property to plaintiff in lieu of alimony. He also contends that the property given to him was worthless. G. S. 1949, 60-1511, reads:

"When a divorce shall be granted by reason of the fault . . . of the

husband, the wife . . . shall be allowed such alimony as the court shall think reasonable, having due regard to . . . the value of his real and personal estate at the time of said divorce; *which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable.* . . . And to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, . . . the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. . . ." [Emphasis supplied.]

There is no hard and fast rule in this jurisdiction for determining the amount of an alimony award where a wife is granted a divorce by reason of the fault of the husband. Absent manifest abuse of judicial discretion, the judgment will not be disturbed on appeal. Generally speaking, it can be said that the judgment is dependent upon the facts disclosed by the evidence in the particular case involved. We have repeatedly held that in fixing the amount, the trial court is required to take into consideration the conduct of the parties, the needs of the wife, the present and future earning capacity of the husband, the amount of property owned by the parties, how and when the property was acquired, and all other facts and circumstances disclosed by the evidence. It is mandatory that the wife be awarded such alimony as the court shall think reasonable and it may be allowed to her in real or personal property, or both, or in money, as the court may deem just and equitable. (*Grimes v. Grimes,* 179 Kan. 340, 344, 295 P. 2d 646; *Mathey v. Mathey,* 175 Kan. 446, 264 P. 2d 1058; *Krueger v. Krueger,* 174 Kan. 249, 255 P. 2d 621.)

It has been an inviolate rule of this court that in a divorce action a division of property made by the trial court will not be disturbed on appellate review unless it is clearly shown that there has been an abuse of discretion. (*Goetz v. Goetz,* 180 Kan. 569, 306 P. 2d 167; *Perry v. Perry,* 176 Kan. 1, 268 P. 2d 938; *Reedy v. Reedy,* 175 Kan. 438, 264 P. 2d 913; *Harris v. Harris,* 169 Kan. 339, 219 P. 2d 454.)

In the instant case, the trial court, as a division of property and in lieu of alimony, set apart to the plaintiff the Missouri farm and the Wichita home, the latter subject to the mortgage indebtedness which plaintiff was required to assume. It is clear that the court allowed plaintiff alimony in the form of property. Of course, in

order to avoid uncertainty the journal entry should have set forth that part of the property allowed as alimony and that part allowed as a division of property. However, the failure of the journal entry to so reflect such a definite division in the present case does not compel a reversal of the judgment.

After a careful consideration of the facts and circumstances contained in the record and with the mentioned principles of law well in mind, we are unable to find anything to justify our holding that the trial court abused its discretion either in the division of property or in the allowance of property to plaintiff in lieu of alimony. The judgment is affirmed.

It is so ordered.