No. 41,179

DOROTHY DUNCAN GARVER, *Appellant,* v. CHARLES WILLIAM GARVER, *Appellee.*

(334 P. 2d 408)

Opinion filed January 24, 1959.

*W. C. Jones,* of Olathe, argued the cause, and *Robert P. Anderson,* of Overland Park, was with him on the briefs for the appellant.

*Joseph Cohen,* of Kansas City, argued the cause, and *Charles S. Schnider, John E. Shamberg, Joseph P. Jenkins,* and *Barton P. Cohen,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action for divorce, division of property, and alimony. The wife (plaintiff-appellant) was granted a divorce for the fault of the husband (defendant-appellee). Neither party complains about that portion of the judgment granting plaintiff a divorce. Plaintiff appeals from that part of the judgment pertaining to a division of property, and contends that the court erred in not allowing her alimony. We will limit our statement to the essential facts relating to the pertinent issues involved.

A review of the record discloses the parties were husband and wife for over thirty years, and the two children born of the marriage were of legal age at the time of trial. Plaintiff had suffered an auto accident in the early part of their marriage, for which she received some money, and from time to time during the marriage she received various gifts of government bonds from her father which she, in turn, converted into stock; she had also received sums of money from the estates of her mother and her aunt, and an interest in certain real estate in Ohio. Through their joint efforts during the marriage the parties accumulated certain stocks and bonds as well as cash, a $26,000 equity in their home, and during

the pendency of the action an equity in an apartment in Kansas City, Missouri. Some of the jointly acquired stocks had been pledged by defendant as security for loans. The parties also acquired certain household goods and two automobiles.

The trial court, after granting the divorce to the plaintiff for the fault of the defendant, stated, "The only question now is the settlement of the property rights." The court then restored to the plaintiff her separately acquired property, subject to any indebtedness against it, and made a division of the property jointly acquired by the parties. The court set over to plaintiff the equity in the home, subject to unpaid taxes and the mortgage indebtedness of record, and subject further to a lien of $4,000 in favor of defendant if and when the home was sold. Plaintiff was also given the household goods and one of the automobiles. The trial court set over to defendant the jointly acquired stocks and bonds, subject to any outstanding indebtedness against them, an automobile and the $4,000 lien against the home. The cash on hand or on deposit to the separate credit of the parties was to remain their property. No specific mention was made of the Kansas City, Missouri, apartment. The defendant was ordered to pay the 1956 income tax in the sum of $2,217.82. However, the record fails to disclose payment of the tax, but does show a government lien in that amount against the home given plaintiff.

First, plaintiff contends the trial court failed to set aside to her all her separately acquired property. A review of the record discloses the court set aside to her all the property claimed in her affidavit, with the exception of certain shares of two separate stocks, the title to which was in dispute. Plaintiff has not made it affirmatively appear these stocks were her separately acquired property.

Plaintiff also contends the trial court erred in refusing to award alimony after granting the divorce to her for the fault of the defendant. The decree of divorce, in addition to granting the divorce, ordered a specific division of the property of the parties but made no mention of an alimony award to the wife. In overruling the motion for a new trial, the court declared:

"I tried to make what I considered an equitable division of the property, taking into consideration the alimony and all of the other factors that are necessary to be taken into consideration . . . And I feel that is a proper allowance of, you can call it property division or alimony, it is one and the same thing under the statute as I understand the statute to be. It was not a cash allowance of alimony and it was not intended at that time."

Plaintiff asserts the decisions of this court indicate clearly that alimony and division of property are separate and distinct, that both must be awarded to the wife when a divorce is granted by reason of the fault of the husband, and that the alimony award must be in a definite, fixed sum. She maintains the lower court made no alimony award in a definite, fixed sum.

Defendant, on the other hand, admits the trial court did not refer to the division of property as permanent alimony but asserts the necessity of awarding permanent alimony was taken into consideration in the division of property. Defendant cites *Mathey v. Mathey,* 175 Kan. 446, 264 P. 2d 1058, in support of his contention that what the plaintiff received could have been nothing but permanent alimony. *Meads v. Meads,* 182 Kan. 361, 320 P. 2d 830, is also cited for the proposition that the failure of the journal entry to reflect a definite division in the judgment between that part of the property allowed as alimony and that part allowed as a division of property does not compel a reversal of the judgment.

We are of the opinion that alimony and property division are completely separate and that a wife who prevails in a divorce action is entitled to both alimony and division of property. The right to alimony is separate and distinct from the right to division of the property jointly acquired by the parties during the marriage. The doctrine of alimony is based upon the common law obligation of the husband to support his wife, which obligation is not removed by her obtaining a divorce for his misconduct. Division of property, on the other hand, has for its basis the wife's right to a just and equitable share of that property which has been accumulated by the parties as a result of their joint efforts during the years of the marriage to serve their mutual needs. In this sense, the marital relationship is somewhat analogous to a partnership, and when the relationship is dissolved the jointly acquired property must be divided, regardless of which party has been at fault. (*Putnam v. Putnam,* 104 Kan. 47, 177 Pac. 838.) The distinction between alimony and property division has long been recognized in this jurisdiction. In *Johnson v. Johnson,* 57 Kan. 343, 348, 46 Pac. 700, the court declared:

"The distinction between an allowance of alimony and a division of property is discussed at length and clearly recognized in the case of *Bacon v. Bacon,* 43 Wis. 197. In 2 Am. & Eng. Encyc. Law. 92, alimony is thus defined: 'Alimony is an allowance, which by order of court, the husband, or former husband, is compelled to pay to his wife, or former wife, from whom he has

been legally separated or divorced, for her support and maintenance.' The foundation for its allowance is the duty of the husband to provide for the wife's support; and where a divorce or separation occurs because of his fault, the duty of providing for her maintenance continues, and the court by an allowance of alimony compels its performance. A division of the property of the parties is an essentially different thing. No matter which party may be at fault, nor what the decision of the court on the merits of an application for a divorce, the court may for good cause make an equitable division and disposition of the property of the parties. In doing this the power of the court extends only over the property of the parties owned by them at the time the order is made. It cannot reach into the future and bind subsequent earnings or accumulations of either party."

In *Cummings v. Cummings*, 138 Kan. 359, 361, 362, 26 P. 2d 440, the court said:

"The law of this state recognizes that a wife has an interest in property accumulated by husband and wife while the marriage relation existed. The interest is distinct from alimony. (*Hardesty v. Hardesty*, 115 Kan. 192, 222 Pac. 102; *Hendricks v. Hendricks*, 136 Kan. 69, 12 P. 2d 804.) Alimony has for its basis right to maintenance only. Division of property has for its basis right to a just and equitable share of property. (*Bowers v. Bowers*, 70 Kan. 164, 167, 78 Pac. 430.)"

See also *Putnam v. Putnam*, supra, 52, 53, 54; *Meads v. Meads*, supra, and cases cited therein.

G. S. 1949, 60-1511 reads as follows:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden or former name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before her marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony as the court shall think reasonable, having due regard to the property which came to him by marriage and the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as the court may deem just and equitable. If the divorce shall be granted by reason of the fault or aggression of the wife, the court shall order restoration to her of the whole of her property, lands, tenements and hereditaments owned by her before, or by her separately acquired after such marriage, and not previously disposed of, and also the court may award the wife such share of her husband's real and personal property, or both, as to the court may appear just and reasonable; and she shall be barred of all right in all the remaining lands of which her husband may at any time have been seized. And to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable,

by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. . . ."

It is clear to us that when a divorce is granted the wife for the fault of the husband she is entitled to three things: (1) restoration of *all* the property owned by her prior to the marriage or acquired by her in her own right after the marriage, (2) such alimony as the court shall deem reasonable, and (3) a division of the property acquired jointly by the parties during the marriage. While the mentioned statute is not a model of clarity, it is apparent the legislature intended that the sentence dealing with division of jointly acquired property apply both to cases where the divorce is granted the wife for the fault of the husband and to cases where the husband is granted the divorce for the fault of the wife. A contrary conclusion would put a premium on the misconduct of the wife. It would mean that property acquired as a result of the joint efforts of the partners in marriage would be retained by the husband where his misconduct resulted in a divorce, while the property would be equitably divided between the parties where the wife's misconduct led to divorce. Such a conclusion cannot be justified in theory or in reason. We reach this conclusion fully cognizant of the opinion in *Mathey v. Mathey*, supra. So far as that decision is inconsistent with the views expressed herein, it is overruled.

This court has repeatedly held it is mandatory where the wife is granted a divorce for the fault of the husband that the trial court award her such alimony as it shall think reasonable, with the allowance to be made in real or personal property, or both, or in money. (*Meads v. Meads*, supra, and cases cited therein.) Similarly, it is mandatory that the court make an equitable division of the jointly acquired property.

In the instant case the record indicates the trial court had an erroneous view as to what constitutes alimony and division of property under the statute, a view which was stated at least twice in the course of the proceedings. As a result of the court's mistaken belief that property division and alimony are one and the same thing under the statute, it is impossible to determine whether the court in fact granted alimony to the wife, or whether the court awarded a division of property alone, or a division of property and alimony in the form of property. The division of property

made by the court does not justify us in concluding plaintiff was allowed alimony.

This situation differs from that in *Meads v. Meads,* supra, and *Matlock v. Matlock,* 182 Kan. 631, 323 P. 2d 646. In both of those cases the trial court set aside to the wife certain property as a division of jointly acquired property and in lieu of. alimony. While the journal entry should have reflected a definite division between alimony and property division, we held that under the facts of those cases failure of the trial court to so specify was not reversible error, since it was clear the court had in fact allowed the wife alimony in the form of property.

If the trial court intended the property division between plaintiff and defendant to be only a division of jointly acquired property, then this court cannot say such division was inequitable or unreasonable. It has been the inviolate rule of this court that a division of property made by the trial court in a divorce action will not be disturbed on appellate review unless it is made clearly to appear that its action in making that division amounted to an abuse of discretion. This discretion is a judicial and not an arbitrary one. When so acting in a matter committed to the discretion of the court by the law the judgment ought not to be overruled by a reviewing court, for to do so would be to deny the right to exercise the discretion given by the law itself. (*Reedy v. Reedy,* 175 Kan. 438, 440, 264 P. 2d 913.)

In view of the record in this case, the judgment of the trial court is reversed and the case is remanded with directions to enter judgment in favor of the plaintiff for alimony in a definite amount, either in real or personal property, or both, or by decreeing to her such sum of money, payable in gross or in installments, as the court may deem just and equitable, and to make a just and reasonable division between the parties of the property jointly acquired during the marriage, all in accordance with G. S. 1949, 60-1511.

It is so ordered.