No. 41,478

ZELLAH MAY BUNCH, *Appellee*, v. GEORGE W. BUNCH, *Appellant.*

(345 P. 2d 624)

Opinion filed November 7, 1959.

*W. C. Jones,* of Olathe, and *Oliver D. Rinehart,* of Paola, were on the briefs for the appellant.

*George A. Lowe,* of Olathe, was on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action for divorce, division of property and alimony. Plaintiff wife, appellee, was granted a divorce for the fault of defendant husband, appellant. The court set aside to plaintiff her personal effects, a few household goods and a 1951 automobile as her sole and separate property, and awarded to her the Miami county farm mutually acquired during the marriage as a division of property and in lieu of alimony. (G. S. 1949, 60-1511.) The court awarded defendant heavy farm machinery, farm implements and tools, and a 1947 pickup truck. Final judgment was entered December 1, 1958, and defendant served his notice of appeal from that order January 16, 1959, contending the trial court erred in granting the divorce and in its division of property.

Plaintiff filed a motion to dismiss the appeal from that part of the judgment granting the divorce on the ground that defendant had not filed a written notice of his intention to appeal therefrom as required by G. S. 1949, 60-1512. The statute provides that a party desiring to appeal from a judgment granting a divorce must within ten days after such judgment is rendered file a written notice in the office of the clerk of such court, stating that it is the intention of such party to appeal from such judgment; and unless such notice be filed no appeal shall be had or taken in such case. Under the

mentioned statute, the filing of a notice of intention to appeal is a condition precedent to the right to appeal.

We recently settled this question in *Lang v. Lang*, 177 Kan. 650, 282 P. 2d 390, and stated that where a party desiring to appeal from a judgment granting a divorce fails within ten days to file such notice of his intention to appeal, as aforementioned, the appeal must be dismissed as to the divorce feature of the case, but the alimony and division of property feature of the case does not require such notice and it may be retained, reviewed and determined on appeal.

In the instant case, since defendant failed to comply with the provisions of the above-mentioned statute, his appeal as to the divorce feature is dismissed. The sole question before this court is whether the trial court abused its discretion in its division of the property.

A brief summary of the record reveals that at the time of the marriage plaintiff owned a farm in Texas, a home in Olathe, and furniture, and had approximately $1,000 in a bank account; defendant owned a 1946 Chevrolet and had $200 to $300 in the bank. After their marriage the parties purchased a Miami county farm for the sum of $8,500, into which plaintiff put "a net of $3,786.79" realized from the sale of her Olathe home. She also made payments of several hundred dollars on farm machinery and contributed to their living expenses. Plaintiff was employed at the time of the marriage and continued working for some time. She estimated her earnings during that time as approximately $15,000. She and defendant worked together on the farm and both spent their own money on it. Plaintiff also, during the marriage, received several thousand dollars in income from her Texas farm. In May, 1957, the parties' joint bank account contained $1,100.

No useful purpose would be gained in commenting on the evidence. Suffice it to say, it has been the inviolate rule of this court that a division of property made by a trial court in a divorce action will not be disturbed on appellate review unless it is made clearly to appear its action in making that division amounted to an abuse of discretion. (*Goetz v. Goetz*, 180 Kan. 569, 306 P. 2d 167; *Meads v. Meads*, 182 Kan. 361, 363, 320 P. 2d 830; *King v. King*, 183 Kan. 406, 409, 327 P. 2d 865; *Garver v. Garver*, 184 Kan. 145, 150, 334 P. 2d 408.)

In the instant case, the court awarded the Miami county farm to the plaintiff as "a division of property and in lieu of alimony." Defendant contends the court erred in not setting out separately

the amount of alimony and the division of property awarded so that each amount was ascertainable. It is true the right to alimony is separate and distinct from the right to a division of property. This matter was fully discussed and determined in *Garver v. Garver*, supra.

In the *Garver* case the trial court had an erroneous view as to what constituted alimony and a division of property under G. S. 1949, 60-1511 and, therefore, it was impossible to determine whether that court in fact granted alimony to the wife or whether it awarded a division of property alone or a division of property and alimony in the form of property.

That is not true in the instant case. The lower court definitely stated it awarded plaintiff the farm as a division of property and in lieu of alimony, and the case falls within the rule stated in *Meads v. Meads*, supra, p. 363, where we said, ". . . the trial court, as a division of property and in lieu of alimony, set apart to the plaintiff the Missouri farm and the Wichita home, . . . It is clear that the court allowed plaintiff alimony in the form of property." We went on to criticize such procedure and stated the court should have set forth that part of the property allowed as alimony and that part allowed as a division of property. However, under the facts of the *Meads* case, the failure of the judgment to so reflect such a definite division did not compel a reversal. (See also *Matlock v. Matlock*, 182 Kan. 631, 323 P. 2d 646.) It is clear the court in the present case, while not in the best manner, did allow alimony and did make a division of property by setting aside to plaintiff the Miami county farm as a division of property and as an allowance of alimony.

An examination of the record reveals no abuse of discretion by the trial court and the judgment is affirmed.

It is so ordered.