No. 39,124

JAMES HAROLD REEDY, *Appellant*, v. KATHLEEN R. REEDY, *Appellee.*

(264 P. 2d 913)

Opinion filed December 12, 1953.

*A. L. Foster,* of Parsons, argued the cause, and *Wm. K. Ong,* of Parsons, was with him on the briefs for the appellant.

*John B. Markham,* of Parsons, argued the cause, and *Elmer W. Columbia,* and *Herman W. Smith, Jr.,* both of Parsons, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was a divorce case in which the plaintiff (husband) was granted a divorce for the fault of the defendant (wife). The sole issue presented on appeal is whether the trial court committed error in its division of the property owned by the parties. Neither of the parties complain about that portion of the judgment granting plaintiff the divorce, so we will limit our statement of the essential facts to the pertinent question involved.

At the time of the marriage, May 15, 1943, plaintiff was forty-three years of age and the defendant thirty-three. It was the second marriage for each. He had a thirteen year old daughter and

she had a nine year old son by previous marriages. The family established their home on the plaintiff's 160 acre farm where he engaged in farming and also operated a produce business in the town of Chetopa. In the year 1949, they opened a grocery store in Chetopa. They remodeled an apartment over the store for their living quarters and moved from the farm to this apartment. They both worked in the store where plaintiff operated a produce and creamery business in the rear of the store, and defendant worked as a clerk in the grocery store. Both parties worked long hours, sometimes as much as eighteen to twenty hours per day. In addition to defendant's duties in the store, she took care of the household. During the marriage, improvements were made on the store building, the apartment, and on the farmhouse. It would serve no useful purpose to narrate the voluminous evidence produced at the trial. Summarized, both parties labored faithfully in building up a grocery business of over $100,000 gross sales per year, and successfully operating a farm which produced a normal revenue.

The trial court found that at the time of the marriage in 1943, plaintiff had a net worth of $17,350, and defendant a net worth of $450 in cash and certain household goods. At the time of the divorce, the parties had a net worth of $24,153.21.

The court entered judgment restoring to the defendant $450 and certain household goods, and in addition awarded to her an automobile of the value of $1,200 and judgment in the amount of $7,950. Plaintiff was awarded the balance of the property consisting of the farm, farm equipment, store building and fixtures, stock in trade, accounts receivable, bank account and stock in a co-operative, all of the approximate value of $14,500.

Motion for new trial was filed by the plaintiff and overruled. Plaintiff appeals, contending that the judgment awarded the defendant in the division of property was manifestly unjust and unreasonable and constituted an abuse of discretion of the trial court. Plaintiff insists that the trial court gave the defendant more property than she was entitled according to law. G. S. 1949, 60-1511, provides in pertinent part as follows:

". . . If the divorce shall be granted by reason of the fault or aggression of the wife, the court *shall order restoration to her of the whole of her property*, lands, tenements and hereditaments owned by her before, or by her separately acquired after such marriage, and not previously disposed of, *and also the court may award the wife such share of her husband's real and personal property, or both, as to the court may appear just and reasonable;* . . .

And to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, *the court shall make such division between the parties respectively as may appear just and reasonable,* by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof. . . ." (Emphasis supplied.)

From the emphasized portion of the foregoing statute, it is apparent that where the husband is granted a divorce for the fault of the wife, the court is clearly vested with power to make such a division of the property between the parties as may appear to be just, regardless of whether the property has been jointly acquired or is separate property of the husband.

The precise question has been before this court many times and it has been held that under the statute a division of property rests in the sound discretion of the trial court. Some of our most recent decisions dealing with the mentioned matter are *Brown v. Brown,* 171 Kan. 249, 232 P. 2d 603; *Henry v. Henry,* 171 Kan. 307, 232 P. 2d 473; *Harris v. Harris,* 169 Kan. 339, 219 P. 2d 454; *Berndt v. Berndt,* 175 Kan. 134, 136, 259 P. 2d 197; *Taylor v. Taylor,* 174 Kan. 21, 254 P. 2d 301; *Hayn v. Hayn,* 162 Kan. 189, 175 P. 2d 127, and the many cases cited and approved in the mentioned decisions.

It has been the inviolate rule of this court that a division of property made by the trial court in a divorce action will not be disturbed on appellate review unless it is made clearly to appear that its action in making that division amounted to an abuse of discretion. This discretion is a judicial and not an arbitrary one. Discretion may be defined as the freedom to act according to one's judgment. Judicial discretion implies the liberty to act as a judge should act, applying the rules and analogies of the law to the facts found after weighing and examining the evidence—to act upon fair judicial consideration, and not arbitrarily. When so acting in a matter committed to the discretion of the court by the law the judgment ought not to be overruled by a reviewing court, for to do so would be to deny the right to exercise the discretion given by the law itself. (*Walno v. Walno,* 164 Kan. 620, 192 P. 2d 165; *Harris v. Harris,* supra; *The State v. Foren,* 78 Kan. 654, 97 Pac. 791; *Deeds v. Deeds,* 108 Kan. 770, 774, 196 Pac. 1109.)

After a careful consideration of all the facts and circumstances contained in the record in the instant case, and with the mentioned principles of law well in mind, we are unable to find anything which

would justify our holding that the trial court disregarded the law and made an unjust and unreasonable division of property between the parties.

Defendant's application for allowance of attorneys' fees for resisting this appeal and the provisions heretofore made for her temporary support have been considered and disposed of by an order of this court.

No abuse of discretion of the trial court having been shown, the judgment is affirmed.