No. 43,229

GOLDIE WARD, *Appellant*, v. LEONARD B. WARD, *Appellee*.

(381 P. 2d 347)

Opinion filed May 11, 1963.

*Robert R. Freeman*, of Wichita, argued the cause, and *Clarence R. Sowers* and *John W. Sowers*, both of Wichita, and *H. Lee Turner*, of Great Bend, were with him on the briefs for the appellant.

*Arthur C. Hodgson*, of Lyons, argued the cause, and *Elmer Roth*, of Great Bend, was with him on the briefs for the appelle.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from an order of the trial court over-ruling plaintiff's motion to revise and vacate a judgment in a divorce action wherein plaintiff, Goldie Ward, sued Leonard Ward for divorce, which was granted by default decree.

The parties had entered into a property settlement agreement on March 21, 1962. The agreement, highly summarized, disclosed the parties owned certain property, including real estate in Barton county, Kansas, which had a fair and reasonable value of $108,000, and each of the parties was entitled to one half of such value; Leonard was to receive all of the real estate and Goldie was to give him a quitclaim deed thereto; at the time of the granting of the divorce Leonard was to pay Goldie $14,000, leaving a balance of $40,000 of which $4,000 was to be paid to her on April 1, 1963, and a like sum was to be paid on the first day of April of each successive year thereafter until ten payments, including interest, had been made; payment of interest on the unpaid balance was provided for, but we are not presently concerned therewith; the obligation constituted a lien upon the real property but gave leave to Leonard, without consent of Goldie, to encumber it to the extent of $20,000 and give a first mortgage as security therefor, which

would be superior to Goldie's lien; Leonard was to pay Goldie $1,000 alimony; the family car and two motor boats were to be the property of Leonard upon his payment of $1,000 to Goldie and likewise, approximately eighteen guns and a pickup truck were to be the property of Leonard upon his payment to her of $227.00; United States Savings Bonds totaling $21,924.46 were divided equally; insurance policies were to be turned over to the children who were named beneficiaries therein, and policies existing upon either Goldie or Leonard were to be retained by each party as his or her sole ownership; a $5,000 loan to a daughter and son-in-law was to be paid one half to each of the parties, and Leonard and Goldie were to notify the daughter and son-in-law thereof. Other property of no consequence to this action was also divided.

On March 22, 1962, the trial court granted Goldie a divorce, approved and adopted the property settlement, and allowed her judgment of $2,500 for attorney fees.

It should be noted that on the following day, March 23, 1962, in an instrument denominated "Ratification and Consent," Goldie agreed that payments to be made under the property settlement and judgment of the court could be made by depositing them to her account in the American State Bank of Great Bend, Kansas. The same words used in the above title were also used in the body thereof, and the parties operated under the terms of this ratification.

In another instrument denominated "Receipt," dated March 24, 1962, Goldie acknowledged transfer to her of all the bonds owned by the parties with the provision that Leonard's half would be applied upon his obligation to her. She also acknowledged receipt of a check in the amount of $6,990.52, payment of $2,500 attorney fees, and delivery of other property included in the agreement.

On or about May 29, 1962, Goldie, through subsequently employed counsel, filed a motion to revise and vacate the foregoing judgment based principally on two grounds: First, accident and surprise, which did not give her a reasonable opportunity to present her evidence in the original divorce proceeding and be heard on the merits of the case; and second, the agreement was executed by plaintiff under duress, coercion, undue influence of the defendant and was inequitable, inadequate, unfair, improvident, ill-founded, and against public policy. Much evidence was introduced in support of the motion and the trial court stated it was of the opinion

the matter should be disposed of before the end of the term of court in which the default decree of divorce had been entered. After introduction of evidence and argument of counsel, the court granted an immediate hearing so Goldie would not be cut off by a ruling made after the expiration of the term.

The first ground of the motion was shown to be without merit and we need not discuss it herein.

Goldie introduced as evidence the testimony of Richard Hanson, a professional appraiser, who showed he was qualified both by education and experience. He testified the replacement approach showed the valuation of the real property involved to be $161,000, the market approach valuation was $190,000, and if the property were valued on an income basis, it would be $195,000.

Speaking informally, and to explain its judgment, the trial court stated the record showed that at the time of the execution of the property settlement undisputed circumstances were in existence. A prefabricated motel immediately across the street from the Ward Motel owned by the parties had failed in business and was being sold at public auction, and about a block from the Ward Motel a new ultra-modern 100 unit motel was about to be constructed. The court stated that both parties in the original divorce proceeding were represented by able and experienced counsel and Goldie's counsel had drawn the property settlement. Many consultations had taken place between Goldie and her counsel and then, as instructed, her counsel had met with Leonard and his counsel. At the time of the agreement an appraisal had been made by a Mr. Johnson showing the value of the real estate to be $129,000, but in view of the surrounding facts and circumstances and a desire on the part of Goldie to terminate the marriage relationship, the agreement stipulated that $108,000 was the fair and reasonable value, and each of the parties should be entitled to the equivalent of fifty per cent thereof.

The trial court remembered the interrogation it had made of Goldie in the original divorce proceeding with respect to the agreement, and the court stated that Goldie,

". . . wanted this man tied down so that he couldn't back down, that she didn't want him making other commitments that would come in ahead of this."

The court also recalled Goldie's competency at the time of the divorce proceeding and thought she understood and was familiar with the basis of the property settlement. It did not think she

was "wanting" in her mental capabilities. The court frankly stated it did not believe the testimony of the professional appraiser, Richard Hanson, above set out, and found that $108,000 was a reasonable figure since it was based on Mr. Johnson's appraisal of $129,000 and the testimony of Goldie's counsel in regard to existing undisputed circumstances.

Goldie complained of the amount of alimony but the court found she had considered that matter before she signed the agreement and while it was not a consequential amount, she had apparently taken into consideration the fact this was not to be a contested case and she had not filed a bill of particulars with the court, as requested by defendant, as well as the further fact that in view of the property settlement, a division of the property would not be made by the court. Goldie had the independent advice of her daughter, and of her own attorney, and the court had complete confidence in her attorney in all legal matters including divorce matters. It believed the testimony of her counsel.

The trial court made a specific finding in favor of defendant on all matters not already determined. It directed that the costs of the hearing on the motion were to be withheld from the next payment made to Goldie by the clerk of the court if she had not previously paid such costs. This appeal followed.

Goldie relies on *Crosby v. Crosby*, 188 Kan. 274, 362 P. 2d 3, but examination thereof clearly indicates that case could have no application here. It would be impossible even to draw a reasonable comparison between the two cases—not to mention attempting to show the Crosby case is decisive of anything we presently have before us.

Other contentions are raised by Goldie but the record simply does not support them. One primary reason for this is that the authorities she cites are those where the husband took over the property settlement and he and his attorney, individually or collectively, drew the agreement. By contrast, in our case Goldie's counsel drew the agreement and he was well acquainted with the terms thereof as well as with the conditions and circumstances surrounding it. Likewise the trial judge, by interrogation of Goldie before granting her a default divorce, had assured himself the transactions surrounding the agreement were equitable, just, and proper.

We conclude Goldie has failed in her duty to show the trial court erred in a manner prejudicially affecting her substantial rights in its

judgment approving and adopting the property settlement or when it refused to revise and vacate such judgment. One of our many applicable cases is *Brown v. Brown,* 171 Kan. 249, 232 P. 2d 603, 32 A. L. R. 2d 102, where it was stated:

"The rule in this jurisdiction has always been that a division of property made by the trial court in a divorce action will not be disturbed on appellate review unless it is clearly made to appear the trial court's action in making that division amounted to an abuse of discretion." (p. 253.)

See, also, *Reedy v. Reedy,* 175 Kan. 438, 440, 264 P. 2d 913; *Bunch v. Bunch,* 185 Kan. 543, 545, 345 P. 2d 624.

Goldie has also failed to show by the record before us that the trial court in any way abused its discretion which point is also controlled by the above authorities. We are of the opinion the trial court, in both the original divorce proceeding and in the hearing on the motion, was painstakingly careful in its efforts to assure Goldie a just and equitable property settlement under the existing circumstances. We believe the judgment rendered is just and equitable and it will not be disturbed.

Judgment affirmed.