No. 46,820

D. T. STAYTON, *Appellee,* v. ROMA MAE STAYTON, *Appellant.*

(506 P. 2d 1172)

Opinion filed March 3, 1973.

*David H. Zook,* of Mission, argued the cause, and *Bernis G. Terry,* of Olathe, was with him on the brief for the appellant.

*Charles D. Vincent,* of Prairie Village, argued the cause, and *Clarence R. Wietharn,* of Prairie Village, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an action for divorce. The plaintiff-husband, D. T. Stayton, and the defendant-wife, Roma M. Stayton, were married in 1946. At the time of the divorce in 1971 they had been married 25 years. Three children were born to the marriage who at the time of the trial were 18, 9 and 8 years of age. Both of the parties are college graduates. Mrs. Stayton is a school teacher. Mr. Stayton for a period of time served as a minister in the Nazarene Church. In 1956 he left the ministry and entered the home building industry. In the course of his business Mr. Stayton purchased land at various places in Johnson County. At the time of the trial it had greatly appreciated in value. Unreconcilable differences developed in the relationship of the parties. In 1970 Mr. Stayton filed an action for divorce against his wife. Mrs. Stayton filed an answer and cross-petition for a divorce. The case was hotly contested. The trial court made extensive findings of fact and conclusions of law and granted a decree of divorce to both parties, finding them in equal fault. Mrs. Stayton was awarded custody of the children and an order for child support was entered. The court divided the

property of the parties, awarded permanent alimony to Mrs. Stayton and required Mr. Stayton to maintain life, hospitalization and medical insurance. In the final decree and in postjudgment proceedings the trial court entered various orders pertaining to attorney fees.

The facts in this case are not in dispute and neither of the parties has any quarrel with the extensive findings of fact made by the trial court. Mrs. Stayton has brought her appeal to this court contending that the trial court abused its discretion in the manner in which it divided the property, in failing to provide for the education of the children, in failing to award adequate child support and in failing to award Mrs. Stayton adequate alimony. Mrs. Stayton further complains that the trial court erred in its orders pertaining to attorney fees.

We have carefully considered the entire record in this case and we cannot see that the trial court abused its discretion in any of the particulars complained of. We do not believe that it would be of any benefit to the parties or to the bench and bar of this state to set forth with particularity the extensive findings of fact made by the trial court. We see no reason to spread for public view the parties' marital difficulties or their financial affairs. We have said many times that the district court is vested with wide discretion in adjusting the financial obligations of the parties in a divorce action and that its exercise of that discretion will not be disturbed on appeal in the absence of a showing of clear abuse. (*Marshall v. Marshall,* 208 Kan. 63, 490 P. 2d 388; *Folk v. Folk,* 203 Kan. 576, 455 P. 2d 487.) The same sound discretion is vested in the trial court in providing for the education and training of the minor children, in the allowance of child support, and in awarding attorney fees. There is no fixed rule for determining what proportion of a husband's estate should be allowed to the wife as alimony or a requirement that the property of the parties be divided on certain fixed proportions. In determining the amount in each case the trial court may, among other things, take into consideration the conduct of the parties, their financial situation, the needs and the earning capacities of the parties, and make such an award as will be just and reasonable under all the circumstances. The discretion of the trial court is, of course, subject to appellate review and correction where there has been a clear-cut abuse of discretion. In its exercise a judge may not be arbitrary or whimsical. We have held on a number of occasions that abuse of judicial discretion, as

that term is ordinarily used, implies not merely an error in judgment, but perversity of will, passion or moral delinquency when such discretion is exercised to an end or purpose not justified by, and clearly against, reason and evidence. (*Goodman v. Goodman*, 188 Kan. 41, 44, 360 P. 2d 877.)

In *Reedy v. Reedy*, 175 Kan. 438, 264 P. 2d 913, we described judicial discretion in the following language:

". . . Discretion may be defined as the freedom to act according to one's judgment. Judicial discretion implies the liberty to act as a judge should act, applying the rules and analogies of the law to the facts found after weighing and examining the evidence—to act upon fair judicial consideration, and not arbitrarily. When so acting in a matter committed to the discretion of the court by the law the judgment ought not to be overruled by a reviewing court, for to do so would be to deny the right to exercise the discretion given by the law itself . . ." (p. 440.)

Judicial discretion is abused when judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court then it cannot be said that the trial court abused its discretion. All judicial discretion may thus be considered as exercisable only within the bounds of reason and justice in the broader sense, and only to be abused when it plainly overpasses those bounds.

After a careful consideration of all the facts and circumstances contained in the present case and with these principles of law well in mind, we are unable to find anything which would justify a conclusion that the trial court disregarded the law or reason in any of its orders pertaining to the division of property, alimony, child support, provision for education of the children, or the allowance of attorney fees. We, therefore, find no error in the court below.

In view of our conclusion here the appellant's application for an additional allowance of attorney fees on this appeal is denied. Because of the fact that a great amount of unnecessary matters was designated for inclusion in the record by counsel for both parties, the cost of reproducing the record on appeal is taxed equally to both parties.

The judgment is affirmed.