No. 47,015

Blanche H. Openshaw, *Appellant*, v. Calvin R. Openshaw, *Appellee*.

(515 P. 2d 740)

Opinion filed November 3, 1973.

*Abraham Weinlood* and *Bill R. Cole*, of Weinlood, Cole and Shaffer, of Hutchinson, were on the brief for the appellant.

*Wendell S. Holmes*, of Hutchinson, was on the brief for the appellee.

*Per Curiam:* This appeal arises from an order dividing property in a divorce action.

The trial court granted a divorce to the plaintiff wife and rendered judgment dividing the parties' property and directing payment to the wife of $750.00 per month alimony and $150.00 per month for the support of one child.

The trial court valued the property awarded to each party at $87,997.43. The family residence was included in the wife's share. She contends the court erred in computing the value of the parties' property by deducting the full amount of a declining contingent liability of the husband appellee as guarantor of one-sixth of an obligation of the Medical Center, Inc. mortgage and note and, second, that the trial court abused its discretion in assigning to her the family residence.

Appellee husband owned 201 shares of stock in Medical Center, Inc. valued at $178.00 a share. Its major asset was the building in which appellee had his medical office. The corporation borrowed for the construction of the building and the stockholders were required to guarantee the corporate obligation to the extent of their stock holdings. Appellee's guaranteed balance on the mortgage at the time of the trial was $54,910, which amount was deducted by the trial court from the assets in arriving at the couple's net worth.

Appellant argues this was error because such indebtedness was deducted in arriving at the per share value and that appellee will never be required to pay as guarantor since the corporation has always made each payment on the note as it became due and is expected to do so in the future. She contends appellee is receiving from the property division assets valued at $142,907.43 while she is

receiving assets valued at $87,997.43. Appellant contends in order to equalize the division of property she should receive an additional $27,455.

Appellant also argues the trial court abused its discretion by assigning the family residence to her as part of the property division since the court knew she planned to move from Hutchinson and also knew of her physical handicaps which would make it difficult for her to dispose of the home. Her basic argument is that a fifty percent division of property is mandatory and if not made, abuse of discretion results. The parties agreed upon a fifty percent division of property but disagree as to the actual division made.

This court recently spoke on division of property in *Stayton v. Stayton,* 211 Kan. 560, 506 P. 2d 1172, as follows:

". . . We have said many times that the district court is vested with wide discretion in adjusting the financial obligations of the parties in a divorce action and that its exercise of that discretion will not be disturbed on appeal in the absence of a showing of clear abuse. . . . There is no fixed rule for determining what proportion of a husband's estate should be allowed to the wife as alimony or a requirement that the property of the parties be divided on certain fixed proportions. . . ." (p. 561.)

Abuse of discretion is defined and discussed in *Stayton.* Applying the principles therein we are unable to declare such abuse in the orders complained of.

The judgment is affirmed.

FONTRON, J., not participating.