No. 47,084

Mary S. Gill, *Appellee*, v. Hugh W. Gill, Jr., *Appellant*.

(515 P. 2d 1080)

Opinion filed November 3, 1973.

*Orlin L. Wagner*, of Wichita, was on the brief for the appellant.

*James G. Beasley*, of Fettis & Arabia, Wichita, was on the brief for the appellee.

*Per Curiam:* This is an appeal by the defendant, Hugh W. Gill, Jr., from an award of alimony entered against him in a divorce action. The trial court granted plaintiff $300 per month until the home was sold and $450 per month thereafter. The plaintiff was to occupy the home until the time of sale. The sole point raised on appeal is whether the trial court abused its discretion in its allowance of alimony, the parties having settled other property matters between themselves.

Both parties were 51 years of age and were the parents of four adult children. Defendant's monthly income was $1215, $715 coming from salary and $500 from oil and gas investments. The plaintiff's income was $200 per month. The defendant was awarded all his income-producing properties, including his oil and gas interests, chinchillas, corporate stocks and geological equipment. In addition, defendant received six life insurance policies with their attendant cash values.

K. S. A. 1972 Supp. 60-1610 ( *c* ) states in part:

"The decree may award to either party an allowance for future support denominated as alimony, in such amount as the court shall find to be fair, just and equitable under all of the circumstances. . . ."

In *Cool v. Cool*, 203 Kan. 749, 753, 457 P. 2d 60, we said:

". . . [W]e are faced with our fixed rule that in matters concerning the awarding of alimony to a party in a divorce action, the court is vested with considerable judicial discretion, and its order will not be set aside or vacated in the absence of a clear showing of an abuse of that discretion. (*Moran v. Moran*, 196 Kan. 380, 411 P. 2d 677; . . ."

In *Stayton v. Stayton*, 211 Kan. 560, 562, 506 P. 2d 1172, we elaborated on the subject as follows:

"In *Reedy v. Reedy*, 175 Kan. 438, 264 P. 2d 913, we described judicial discretion in the following language:

" '. . . Discretion may be defined as the freedom to act according to one's judgment. Judicial discretion implies the liberty to act as a judge should act, applying the rules and analogies of the law to the facts found after weighing and examining the evidence—to act upon fair judicial consideration, and not arbitrarily. When so acting in a matter committed to the discretion of the court by the law the judgment ought not to be overruled by a reviewing court, for to do so would be to deny the right to exercise the discretion given by the law itself . . .' (p. 440.)"

Although the defendant is shown to have incurred substantial indebtedness, 90% of which is owed his mother, and his monthly expenses are high, we are unable to say the alimony award was not "fair, just and equitable" under all the circumstances. The defendant does not argue that he should not be required to pay any alimony but suggests that $300 per month is a "reasonable" maximum. We do not regard the sum set by the trial court as unduly excessive.

We find no abuse of discretion and the judgment is affirmed.