(603 P.2d 650)

No. 50,773

DONALD LEWIS, *Appellant,* v. ANNE LEWIS, *Appellee.*

Opinion filed December 7, 1979.

*Jeff Johnson,* of Brollier, Wolf & Johnson, of Hugoton, for appellant.

*Kerry McQueen,* of Vance, Hobble, Neubauer, Nordling, Sharp & McQueen, P.A., of Liberal, for appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

ABBOTT, J.: This is an appeal from a judgment in a divorce action modifying an oral separation agreement.

Prior to the petition for divorce having been filed, the parties to the action voluntarily separated and the defendant, Anne Lewis, returned to Iowa to make her home. Before she left Kansas, the parties entered into an oral agreement whereby they provided for the custody and support of their seventeen-year-old son, divided their property, and agreed to waive alimony. Neither party was represented by an attorney at the time. As the result of a previous divorce action between the parties, Mrs. Lewis was aware of the laws of Iowa relating to alimony and property division, but she had not been advised of the Kansas law regarding these matters prior to the time she entered into the oral agreement.

The plaintiff, Donald Lewis, set out the provisions of the oral agreement in his divorce petition. Ignoring the agreement, the defendant answered, requesting that the court divide the property and also requesting alimony. After hearing evidence, the trial court adopted the provisions of the oral agreement except it found that in order to provide a fair division of the parties' property the settlement should require Donald Lewis to pay to Anne Lewis the sum of $150 per month for a period of three years.

Donald Lewis appeals, raising two issues for our consideration.

1. Donald Lewis contends the court erred in modifying the agreement made by the parties by awarding defendant future support payments. As we read the findings by the trial court, it

did not award "future support payments" to Mrs. Lewis. Its adjustment of the parties' agreement is clearly intended to be a part of the property division, as evidenced by the trial court's letter of November 29, 1978, and the subsequent journal entry which recites:

"[T]he Court . . . approves the division of the property previously made by the parties hereto and finds *to provide a fair settlement of the parties' property,* the settlement should include payment for a period of three years of $150.00 per month from the Plaintiff to Defendant *to divide the total property of the parties including Plaintiff's retirement income."* (Emphasis supplied.)

Thus, the question presented is whether the trial court erred in its modification of the parties' agreement.

Mr. Lewis's argument may be summarized as follows: (1) The parties entered into a separation agreement which provided a *full and complete* settlement of their interests; (2) the agreement was made intelligently, voluntarily and in good faith; (3) the agreement did not provide for nor has he consented to a modification of the agreement by the court; (4) absent such a provision or consent, the trial court was without power to modify the agreement.

We do not quarrel with plaintiff's contention that a court is powerless to modify a valid, just and equitable separation agreement, except as to matters authorized by statute, unless the agreement provides for or the parties consent to such power. K.S.A. 60-1610(*e*) (now K.S.A. 1978 Supp. 60-1610[*e*]); *Rasure v. Wright,* 1 Kan. App. 2d 699, Syl. ¶ 3, 573 P.2d 1103 (1977), *rev. denied* 225 Kan. 845 (1978). As a general rule, a court has no continuing jurisdiction or power of modification over a division of property after entering an original divorce decree. *Curtis v. Curtis,* 218 Kan. 130, 131, 542 P.2d 330 (1975); *Ostrander v. Ostrander,* 214 Kan. 859, 522 P.2d 183 (1974); *Baird v. Baird,* 209 Kan. 604, 607, 498 P.2d 83 (1972); *Drummond v. Drummond,* 209 Kan. 86, Syl. ¶ 2, 495 P.2d 994 (1972). It is also clear that all separation agreements which are found to be fair, just and equitable by the trial court are merged into the divorce decree and become a judgment of the court. *Fiske v. Fiske,* 218 Kan. 132, Syl. ¶ 2, 542 P.2d 284 (1975). However, we do not agree that the trial court's modification of the parties' agreement here was contrary to the principles set out above.

In our opinion, the answer to plaintiff's contention is found in K.S.A. 60-1610(*e*), which provided in pertinent part: "If the

parties have entered into a separation agreement *which the court finds to be valid, just and equitable,* it shall be incorporated in the decree." (Emphasis supplied.) Although it appears that no Kansas case has directly addressed the present issue, it is clear that cases dealing with K.S.A. 60-1610(*e*) have recognized the trial court's approval of a separation agreement as a condition precedent to incorporation of the agreement into the decree. *Kendall v. Kendall,* 218 Kan. 713, 716, 545 P.2d 346 (1976); *Fiske v. Fiske,* 218 Kan. at 135; *Baird v. Baird,* 209 Kan. at 608; *Drummond v. Drummond,* 209 Kan. at 92. In *Spaulding v. Spaulding,* 221 Kan. 574, 577, 561 P.2d 420 (1977), the Court stated: "[I]n finding that an agreement is valid, just, and equitable, as required by the statute, the agreement must be carefully scrutinized." A necessary corollary of the trial court's duty to examine a separation agreement as to whether it is valid, just and equitable, is the power to modify such agreement prior to its incorporation into the decree. To hold otherwise would render meaningless the trial court's power to adjust the interests of the parties in a divorce proceeding. In conformance with the general rule of appellate review of a division of property (*Wofford v. Wofford,* 214 Kan. 450, Syl. ¶ 1, 520 P.2d 1278 [1974]), our review of the trial court's modification of a separation agreement made prior to its incorporation in the decree is limited to considering whether the modification constitutes an abuse of discretion.

A finding that it is necessary to add to one party's share to make an agreement fair is tantamount to finding that an agreement is not just and equitable. In the present case, the trial court obviously gave considerable credence and weight to the parties' mutual intent manifested in their oral agreement, but felt that an adjustment in the nature of cash payments to Mrs. Lewis was necessitated to offset Mr. Lewis's retirement income and make the parties' property division equitable. Such payments may be ordered to effect a just and equitable property division. K.S.A. 60-1610(*c*). We hold that if a trial court finds that a separation agreement is not just and equitable as required by 60-1610(*e*), it is free either to reject or make reasonable adjustments to the agreement as provided for by 60-1610(*c*), provided it does so before entering a final judgment that merges the separation agreement into a divorce decree.

Our review of the appropriate factors to be considered in

making a division of property (*Parish v. Parish,* 220 Kan. 131, 133-34, 551 P.2d 792 [1976]) leads us to the conclusion that the trial court's addition of the cash payments to the parties' separation agreement was not an abuse of discretion. See *Stayton v. Stayton,* 211 Kan. 560, 562, 506 P.2d 1172 (1973).

2. Mr. Lewis complains of the admission of certain portions of defendant's testimony, as such evidence was allegedly introduced to modify the parties' agreement. The record on appeal does not include the disputed portions of testimony and thus the issue need not be considered by this Court. *Farmers Ins. Exchange v. Schropp,* 222 Kan. 612, Syl. ¶ 8, 567 P.2d 1359 (1977); *Frevele v. McAloon,* 222 Kan. 295, 299, 564 P.2d 508 (1977). At any rate, the description of the testimony contained in the parties' briefs appears to be relevant to other issues in the case and nonprejudicial to the plaintiff.

Affirmed.