(941 P.2d 385)
No. 76,147

IN THE MATTER OF THE MARRIAGE OF PAULA K. KIRK, *Appellant*, and MICHAEL D. KIRK, *Appellee*.

Opinion filed June 20, 1997.

*Ross D. Alexander*, of Alexander Floodman & Casey, Chtd., of Wichita, for appellant.

*Clifford L. Bertholf*, of Wichita, for appellee.

Before GERNON, P.J., ROYSE and MARQUARDT, JJ.

ROYSE, J.: Paula K. Kirk appeals the district court's denial of her motion to set aside a divorce decree and property settlement agreement.

Paula and Michael D. Kirk were married on October 18, 1969. On June 23, 1994, Paula signed a petition for divorce, and both Paula and Michael signed a separation and property settlement agreement. Those documents were filed with the district court on June 24, 1994.

On July 8, 1994, attorney Ron Wilkinson submitted a divorce decree to a district judge for approval. The district judge approved the decree, which incorporated the separation and property settlement agreement. The decree included a statement that the judge found the separation and property settlement agreement to be fair and equitable.

Paula filed her motion to set aside the divorce decree and separation and property settlement agreement on June 2, 1995. Following a hearing, a different district judge denied the motion. Paula appeals.

As a preliminary matter, we note that Paula waited close to a year before filing her motion to set aside. That delay has not been raised as an issue on appeal, and we do not address it in this opinion.

Paula argues on appeal that the district court erred in denying her motion to set aside, because the district judge who signed the decree failed to determine whether the separation and property settlement agreement was valid, just, and equitable as required by K.S.A. 60-1610(b)(3). Specifically, Paula contends that the record lacks evidence or documentation from which a judge could have made the determination that the separation and property settlement agreement was valid, just, and equitable.

K.S.A. 60-1610(b)(3) states in pertinent part: "If the parties have entered into a separation agreement which the court finds to be valid, just and equitable, the agreement shall be incorporated in the decree." The Supreme Court has commented: "[S]eparation agreements have always been subject to the scrutiny of the courts to prevent fraud and oppression. This is true, of course, and in finding that an agreement is valid, just, and equitable, as required by the statute, the agreement must be carefully scrutinized." *Spaulding v. Spaulding*, 221 Kan. 574, 577, 561 P.2d 420 (1977); see *In re Estate of Sweeney*, 210 Kan. 216, 223, 500 P.2d 56 (1972).

The importance of property values in scrutinizing a separation agreement is emphasized in 1 Elrod, Kansas Family Law Handbook § 11.074D (rev. ed. 1990), which recommends that property values be set forth in the separation agreement: "Each major piece of property, i.e., realty, automobiles, etc., should be listed with its value and which party is to receive the property. The court reviewing the agreement cannot determine if it is just and equitable without knowing the value of the property."

The importance of property values to the district court is also highlighted by two Supreme Court rules which require that the parties to a divorce action supply the district court with pertinent property value information. Rule 164 (1996 Kan. Ct. R. Annot. 172) requires that a Domestic Relations Affidavit be filed in divorce, annulment, and separate maintenance cases. Rule 139 (1996 Kan. Ct. R. Annot. 160) also requires the Domestic Relations Affidavit in the context of requests for support orders, and provides that "[n]o *ex parte* order for support will be issued without this required affidavit." The prescribed form for the Domestic Relations Affidavit includes sections for detailing the parties' liquid assets, real property, and all other personal property with actual or estimated value included. See *In re Estate of Loughmiller*, 229 Kan. 584, 591, 629 P.2d 156 (1981).

The record on appeal contains an appearance docket which indicates a Domestic Relations Affidavit was filed with the district court, but no Domestic Relations Affidavit is included in the record on appeal. It is undisputed, however, that no value for Michael's company, Kirk's Excavation, was supplied to the district court. Nor was there evidence of the value of Paula's Mary Kay business. No property values were listed in the separation and property settlement agreement. No testimony or other evidence of value of the parties' businesses was reviewed by the district judge before he approved the separation and property settlement agreement.

Michael argues that the district court need not review any evidence, so long as the parties agree to the settlement. Michael's argument invites us to ignore 60-1610(b)(3), which presupposes that the parties have reached an agreement, which the district court must nonetheless find to be valid, just, and equitable. As stated in

*Cook v. Cook*, 7 Kan. App. 2d 179, 184, 638 P.2d 980, *rev'd on other grounds* 231 Kan. 391, 646 P.2d 464 (1982), "[M]ere agreement by the parties does not vitiate the court's duty to scrutinize the settlement agreement, and if the agreement is not valid, just and equitable, the court should reject or alter it." See 1 Elrod, § 11.032B.

Michael argues that the Supreme Court decision in *Cook* placed primary emphasis on the fact that the parties had agreed to the settlement terms, quoting the following passage:

"The trial judge was very patient, careful, and thorough in discussing the proposed settlement agreement with the defendant, in order to make sure that she understood the agreement and her right to litigate the matter if she did not want the judge to approve it. At the conclusion of this lengthy exchange, she asked the judge for approval of the agreement. Viewing the record as a whole, we cannot say that the trial judge abused his discretion in approving the property settlement agreement." *Cook*, 231 Kan. at 395.

Michael's characterization of this passage ignores the fact that in *Cook* the defendant attempted to set aside the property settlement agreement on the grounds of duress and coercion. The language Michael quotes must be read in the context of that claim. In addition, even though no Rule 164 affidavit was filed in *Cook*, the district court in that case did hear evidence from the parties, and in particular heard testimony from the plaintiff regarding the total value of the assets and the amount of debt each party would receive under the proposed agreement.

Michael also argues that the Supreme Court affirmed the district court's approval of a separation agreement in *Tager v. Tager*, 199 Kan. 26, 427 P.2d 484 (1967), even though the district court in that case did not have detailed evidence of the petitioner's financial worth and earnings. Contrary to Michael's suggestion, *Tager* does not stand for the proposition that a district court may properly approve a separation agreement as fair and equitable without financial information. In *Tager*, the defendant testified and offered into evidence the plaintiff's tax returns for 4 years, as well as a record of his bank deposits. 199 Kan. at 28.

The parties place considerable emphasis on K.S.A. 60-1609(d). That subsection provides: "A decree of divorce, separate mainte-

nance or annulment may be granted upon the uncorroborated testimony of either party or both of them." Paula argues that this provision requires that the testimony of a party be introduced before a decree may be granted. Michael, on the other hand, takes the position that under 60-1609(d) a divorce may be granted without any testimony at all.

We decline to adopt either interpretation. K.S.A. 60-1609(d) simply reverses what was once a longstanding rule in Kansas: that a divorce could not be granted on the uncorroborated testimony of a party or parties. See 2 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-1609 (1979); Bennett, *The 1970 Kansas Legislature in Review*, 39 J.K.B.A. 107 (1970). This case, however, presents a question beyond whether testimony is required. We cannot construe 60-1609(d) to mean that a district court may find a separation agreement is fair and equitable without sufficient evidence in the record to support that finding.

Michael also points to the fact that the 1963 revision to the divorce statutes eliminated a requirement that "no divorce shall be granted without proof." G.S. 1949, 60-1508. Michael contends this deletion shows that the legislature intended that divorces could be granted without any proof at all. Michael's contention is not persuasive. It ignores the fact that the parties must establish the existence of grounds for divorce, K.S.A. 60-1601; K.S.A. 60-1606, and that the statute expressly provides that both husband and wife are competent to testify about all matters in controversy, K.S.A. 60-1609(c). It also ignores the fact that the Supreme Court has continued to apply a "sufficiency of the evidence" standard of review when a party appeals from an order granting a divorce. See *LaRue v. LaRue*, 216 Kan. 242, 245-46, 531 P.2d 84 (1975); *Berry v. Berry*, 215 Kan. 47, 49, 523 P.2d 342 (1974).

Michael argues that Paula should be estopped from relying on a technical defect which she caused. This argument is not persuasive. First, the absence of evidence in the record to support a finding that the separation agreement is just and equitable is more than a technical defect. The rule in Kansas is that in divorce cases the trial court is vested with broad *discretion* in adjusting property rights. See *In re Marriage of Schwien*, 17 Kan. App. 2d 498, 839

P.2d 541 (1992); *Grant v. Grant*, 9 Kan. App. 2d 671, 685 P.2d 327, *rev. denied* 236 Kan. 875 (1984). That rule applies in cases where a separation agreement is submitted to the district court for approval. See *Ward v. Ward*, 191 Kan. 404, 381 P.2d 347 (1963); *Lewis v. Lewis*, 4 Kan. App. 2d 165, 603 P.2d 650 (1979).

"Discretion may be defined as the freedom to act according to one's judgment. Judicial discretion implies the liberty to act as a judge should act, applying the rules and analogies of the law to the facts found after weighing and examining the evidence—to act upon fair judicial consideration and not arbitrarily. When so acting in a matter committed to the discretion of the court by the law the judgment ought not to be overruled by a reviewing court, for to do so would be to deny the right to exercise the discretion given by the law itself." *Reedy v. Reedy*, 175 Kan. 438, 440, 264 P.2d 913 (1953).

See *State v. Griffin*, 246 Kan. 320, 326, 787 P.2d 701 (1990); *Cook*, 231 Kan. at 394; *Carney v. Carney*, 1 Kan. App. 2d 544, 545, 571 P.2d 56, *rev. denied* 222 Kan. 749 (1977). Action inconsistent with the limitations of judicial discretion amounts to more than a "technical defect."

Second, Michael incorrectly assumes that Paula caused the "technical defect." This assumption ignores the fact that neither Paula nor Michael was present when the decree was submitted to the district court. In addition, this assumption is inconsistent with the position urged by Michael in the district court and with testimony which Michael adduced at the hearing on Paula's motion, showing that attorney Wilkinson did not represent Paula but simply acted as a scrivener for the parties in this case. In fact, Wilkinson signed the decree of divorce without indicating that he represented either party.

For all the foregoing reasons, we conclude that 60-1610(b)(3) requires a district court to scrutinize a separation agreement before approving it. Such scrutiny includes a requirement that the district court review evidence in the record sufficient to support the finding that the separation agreement is valid, just, and equitable.

In light of this conclusion, we need not address Paula's argument that the district court's action violated Local Rule 405 of the 18th Judicial District. That rule provides that in default divorce hearings

the testimony of at least one party must be presented to the court, in person or by interrogatory.

Finally, Michael contends Paula has already received the relief she requested, because the district judge who denied her motion scrutinized the separation and property settlement agreement. One problem with this argument is that the district court ruled on the fairness issue before Paula proffered her evidence of the value of Kirk Excavation. In fact, the district judge who denied the motion indicated that he felt it inappropriate for the court to try to make an independent determination of the fairness of an agreement reached by the parties. Finally, he presumed without any support in the record that awarding each party his or her business interests, regardless of the value of those interests, is a fair division of assets. Based on the record on appeal, the district judge who denied the motion did not review the separation and property settlement agreement as required by 60-1610(b)(3).

Reversed and remanded.