NOT DESIGNATED FOR PUBLICATION

No. 121,497

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

TANESA R. MEIER,
*Appellee*,

and

JOSEPH M. MEIER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; CONSTANCE M. ALVEY, judge. Opinion filed July 24, 2020. Reversed and remanded with directions.

*Amy E. Elliott*, of Law Office of Amy E. Elliott, of Overland Park, for appellant.

*H. Reed Walker*, of Reed Walker, PA, of Overland Park, for appellee.

Before STANDRIDGE, P.J., HILL and ATCHESON, JJ.

PER CURIAM: This is an appeal from the district court's denial of a motion for relief from a judgment. We reverse and remand for the district court to decide if Joseph's motion for relief from judgment was filed within a reasonable time.

Tanesa and Joseph Meier married in 2008. The parties had no children but Tanesa has a son from a prior relationship. Tanesa worked outside the home while Joseph attended medical school. When they separated in July 2017, they signed a separation

1

agreement. The separation agreement calls for Joseph, who was completing his medical residency, to make some significant payments:

- upon completion of his residency and entering into employment as a physician, Joseph would pay Tanesa at least $42,000 a year for 20 years;
- Joseph would continue to make payments on the couple's home loan for 20 years;
- when the home was paid off, it would be placed in Tanesa's name;
- Joseph would assume all credit card debt, student loan debt, and vehicle loan debt accrued during the marriage;
- Joseph would pay student loan costs and fees for Tanesa to complete a doctoral program;
- Joseph would pay the costs of an undergraduate degree for Tanesa's son.

Some of those provisions took effect only if the marriage was dissolved.

Tanesa sought a decree of separate maintenance in district court. Joseph, at Tanesa's lawyer's office, later signed a waiver of appearance and a waiver of all objections and defenses. He also signed a verification stating he had read the proposed decree of separate maintenance and voluntarily approved it. The petition was filed on September 11, 2017. The entry of appearance, waiver of service, and waiver of objections were filed at the same time. No Supreme Court Rule 139 domestic relations affidavit for either party was filed. See Supreme Court Rule 139(a) (2020 Kan. S. Ct. R. 202). A few minutes later, a judge issued the decree of separate maintenance that approved the separation agreement, and it was filed in the clerk's office.

Then, in January 2019, Joseph moved to set aside the decree contending the parties' agreement was not fair, just, and equitable. He contended the agreement was

2

unconscionable and he experienced duress when he signed it. The district court denied the motion because Joseph had signed three separate documents approving the separation agreement. The court made no findings whether the agreement was conscionable or fair under the circumstances. Joseph appeals.

Joseph raises four issues in his appeal.

1.  The district court erred when it granted the separate maintenance decree without requiring the filing of domestic relations affidavits under Supreme Court Rule 139. Thus, the court compounded this error when it denied his motion to set aside the decree without first considering the domestic relations affidavit that he had filed with his motion to set aside the separate maintenance decree.
2.  The court erred when it failed to make an independent evaluation of the agreement to see if it was fair, just, and equitable.
3.  It was error for the court to deny his motion to set aside the decree.
4.  The court erred when it did not refashion their agreement by removing the unconscionable provisions.

To these four issues, Tanesa adds one of her own. She argues that Joseph's motion to set aside the decree was untimely because it was filed 16 months after the decree was filed. This was not raised before the district court but can be raised for the first time on appeal. We will address this issue first.

*Is Joseph's motion untimely?*

Tanesa contends it is unequitable to allow Joseph to bring his motion to set aside the separate maintenance decree 16 months after the judgment was final, and cites K.S.A. 2019 Supp. 60-260(b)(6). In response, Joseph argues that Tanesa cannot raise this issue

3

for the first time on appeal. He also contends that as a resident physician, he could not earlier afford to hire counsel to review the separation agreement.

There is a fundamental principle involved in this issue. When seeking legal redress, it is better to be prompt than slow. A court may relieve a party from a final judgment for several statutorily enumerated reasons. The last one cited by Tanesa, is a catchall—"any other reason that justifies relief." See K.S.A. 2019 Supp. 60-260(b)(6). Such a motion must be made "within a reasonable time." Motions brought for the reasons listed in subsections (b)(1), (2), or (3), must be filed no more than one year after entry of the judgment. K.S.A. 2019 Supp. 60-260(c). We review a district court's decision on whether a K.S.A. 2019 Supp. 60-260(b) motion was filed within a reasonable time for abuse of discretion. *In re Marriage of Larson*, 257 Kan. 456, 463, 894 P.2d 809 (1995).

First, we note that even if the reasonableness of the timing of such a motion is not addressed by the district court, this court may consider the issue on appeal. See *In re Marriage of Leedy*, 279 Kan. 311, 323-24, 109 P.3d 1130 (2005); *Morton County Hospital v. Howell*, 51 Kan. App. 2d 1103, 1108, 361 P.3d 515 (2015).

A "reasonable time" depends on the facts of each case and is in the discretion of the district court. It is measured considering the interest in finality, the reasons for the delay, the ability of a litigant to learn earlier of the grounds relied on, and any prejudice to the parties. *Larson*, 257 Kan. 456, Syl. ¶ 3; *In re Marriage of Bowers*, 23 Kan. App. 2d 641, 645-46, 933 P.2d 176 (1997). In *Bowers*, the facts justifying relief should have been apparent to the movant when the decree was filed. Thus, filing a motion four years later was unreasonable. And if the motion is filed an unreasonable period after the final judgment, then the district court lacks jurisdiction to modify the decree. *Morton County Hospital*, 51 Kan. App. 2d at 1107-08; *In re Marriage of Boldridge*, 29 Kan. App. 2d 581, 583-84, 29 P.3d 454 (2001).

4

Moving to the facts here, the alleged inequity of the separation agreement should have been apparent to Joseph before he ever signed the agreement. His motion was not based on any new facts. He knew what his future salary would be because he had signed a letter of intent that included his salary before he signed the separation agreement.

His claim that he could not afford an attorney to review the agreement is not persuasive because his annual income was $84,000 at the time. Joseph is well educated and could have read the separation agreement without an attorney's assistance. But any prejudice to Tanesa by Joseph filing this motion 16 months after the decree was entered is not apparent from the record because the argument was not made in the district court.

Basically, we cannot answer this question with this record. Because we are remanding this case to the district court for reasons we will soon explain, the court can take evidence and evaluate the arguments of the parties as a threshold question.

*The lack of financial information about the parties is a concern.*

The point of concern established in this record is that neither of the judges who heard this case considered any of the parties' financial information. The first judge who issued the separate maintenance decree had no Rule 139 domestic relations affidavit to rely on. The second judge, who considered the motion to set aside the separate maintenance decree, failed to address the parties' financial status because the judge only relied on the fact that Joseph had signed the entry of appearance and the two waivers. A review of some basic points of law show why we are concerned.

In an action for separate maintenance, "If the parties have entered into a separation agreement *which the court finds to be valid, just and equitable*, the agreement shall be incorporated in the decree." (Emphasis added.) K.S.A. 2019 Supp. 23-2712(a). Under that law, a court must make two determinations. First, the agreement must be a valid

5

contract. This involves traditional contract requirements, such as a lack of fraud and public policy considerations. Second, the agreement must be just and equitable. This means whether the terms provide an acceptable or fair property division under the circumstances. *In re Marriage of Traster*, 301 Kan. 88, Syl. ¶ 5, 339 P.3d 778 (2014).

Judicial action is called for here. A court must examine a separation agreement before it can be incorporated into a decree. A separation agreement is not just and equitable just because it claims to be. "'Mere agreement by the parties does not vitiate the court's duty to scrutinize the settlement agreement, and if the agreement is not valid, just and equitable, the court should reject or alter it.'" *Traster*, 301 Kan. at 111. But to make this ruling, there must be evidence before the district court sufficient to find that the separation agreement was valid, just, and equitable. *In re Marriage of Kirk*, 24 Kan. App. 2d 31, Syl. ¶ 1, 941 P.2d 385 (1997).

The required degree of judicial scrutiny of an agreement is determined by the facts of each case and what has been placed before the judge. In *Tager v. Tager*, 199 Kan. 26, 32, 427 P.2d 484 (1967), our Supreme Court said, "Since the judgment here, as to the matters in controversy, was based on an agreement of the parties, it could have been properly arrived at without detailed evidence of plaintiff's financial worth or earnings." But the court then said that the district court did have abundant evidence before it to consider:

"However, the evidence submitted by defendant at the trial consisting of her testimony, the exhibits reflecting plaintiff's income and tax returns for several years, and his income for a substantial part of 1965 was adequate to substantiate the court's judgment. The court was aware of plaintiff's earning capacity, as reflected by his income tax returns for prior years." 199 Kan. at 32.

More recently, in *Kirk*, this court reversed the denial of a motion to set aside a divorce decree when the district judge that approved the decree lacked enough evidence

to determine whether the separation agreement was just and equitable. There, with no evidence of the value of the parties' business interests and in the absence of both parties, the separation agreement was submitted to the district court for approval. 24 Kan. App. 2d at 32-36.

The necessary evidence may take the form of a domestic relations affidavit. Kansas Supreme Court Rule 139(a) (2020 Kan. S. Ct. R. 202) requires all parties (including unrepresented parties) in a separate maintenance case to prepare and file a domestic relations affidavit on the form set forth in the Kansas Child Support Guidelines. The purpose of a domestic relations affidavit is to ensure that the district court is provided with the necessary financial information to make determinations that are fair, just, and equitable. We note that in *In re Marriage of Takusagawa*, 38 Kan. App. 2d 401, 406, 166 P.3d 440 (2007), a panel of our court ruled that the trial court did have sufficient information to approve a separation agreement when the parties filed domestic relations affidavits containing income information and property valuations.

But the court may obtain a party's financial information through other means, such as testimony. See *In re Marriage of Nicol*, No. 101,423, 2009 WL 3083909, at *4 (Kan. App. 2009) (unpublished opinion).

Factors that courts consider in awarding maintenance and dividing property are listed in K.S.A. 2019 Supp. 23-2802(c). The division of property must be just and reasonable but need not be equal. *Traster*, 301 Kan. at 111; *In re Marriage of Vandenberg*, 43 Kan. App. 2d 697, 715, 229 P.3d 1187 (2010). When the parties have voluntarily divided property unequally in a separation agreement, the district court should consider the reasons the parties have given for the one-sided property division. *Traster*, 301 Kan. at 110-11.

The district court is given broad discretion to determine whether a separation agreement is just and equitable. When a party challenges the district court's finding that a separation agreement is just and equitable, appellate review is limited to determining whether the district court abused its discretion in making that finding. *Traster*, 301 Kan. at 109. An adequate record must exist for an appellate court to determine whether a district court abused its discretion. Without such a record, appellate courts may remand for more findings. *Traster*, 301 Kan. 88, Syl. ¶ 11.

Here, the judge that approved the separate maintenance decree had nothing before him other than the decree and separation agreement. Neither document provided the parties' income, assets, or their reasons for the division. Neither party testified. There is no question the district court had insufficient evidence to determine whether the separation agreement was just and equitable under *Kirk*. See 24 Kan. App. 2d 31, Syl. ¶ 1

After that, the judge who denied the motion to set aside the separate maintenance decree did not make an independent determination whether the separation agreement was just and equitable. The court started discussing Tanesa's affidavit, but then stopped and said, "the court's going to have to find that without any evidence, the court had—the district court, Judge Dupree, had before it the information necessary to approve the settlement agreement as signed off on by both parties and agreed to by both parties at least three times." That court denied the motion largely because Joseph had signed the agreement. But Kansas law is clear that courts must scrutinize separation agreements, regardless of the parties' consent.

We acknowledge that matters settled by an agreement incorporated into a separate maintenance decree, other than matters pertaining to minor children, are not subject to subsequent modification by the court unless prescribed by the agreement or later consented to by the parties. See K.S.A. 2019 Supp. 23-2712(b). But that rule presupposes the district court found the agreement just and equitable. See K.S.A. 2019 Supp. 23-

8

2712(a). Here, the court lacked enough evidence before it to do so. In our view, the prohibition against modifying a separation agreement under K.S.A. 2019 Supp. 23-2712(b) does not apply when a party seeks relief under K.S.A. 2019 Supp. 60-260. See *In re Marriage of Johnston*, 54 Kan. App. 2d 516, Syl. ¶ 3, 402 P.3d 570 (2017).

We reverse and remand for the district court to consider whether the motion to set aside the decree of separate maintenance was filed within a reasonable time after final judgment. If it was, the court will then determine whether the separation agreement was just and equitable, considering the parties' financial circumstances and the reasons given for the unequal division.

Reversed and remanded with directions.