(720 P.2d 1144)

No. 58,423

FRANCES BALAGNA, A California Resident, and JOSHUA BALAGNA, By and Through his Next Friend, Frances Balagna, *Appellants/Cross-appellees*, v. VAN DOREN-HAZARD-STALLINGS, A Partnership, and DALLAS W. FREEBORN, *Appellees/Cross-appellants*.

Opinion filed July 3, 1986.

*Kathleen Reeder*, of Schroer, Rice, Bryan & Lykins, of Topeka, and *Robert D. Kingsland* and *William H. Pickett*, of William H. Pickett, P.C., of Kansas City, Missouri, for appellants/cross-appellees.

*Robert J. Perry* and *Herbert A. Marshall*, of Marshall, Davis, Bennett and Hendrix, of Topeka, for appellees/cross-appellants.

Before REES, P.J., G. JOSEPH PIERRON, JR., District Judge, assigned, and JOHN W. WHITE, District Judge, assigned.

PIERRON, J.: This is an appeal from a district court order directing the parties to share equally the payment of a portion of the charges by two expert witnesses as fees for preparation for discovery depositions. Plaintiffs Frances Balagna and Joshua Balagna appeal; defendants Van Doren-Hazard-Stallings and Dallas W. Freeborn cross-appeal.

The controversy arose out of a wrongful death action filed by plaintiffs. In the normal course of the litigation, the plaintiffs named four expert witnesses whom they intended to call at trial.

The defendants did not immediately depose them and in a letter dated April 17, 1981, stated the depositions would not be taken. Some time thereafter defendants were successful in a summary judgment motion, but upon appeal the Supreme Court reversed the summary judgment as to the above-mentioned defendants and remanded the case for trial. *Balagna v. Shawnee County*, 233 Kan. 1068, 1069-85, 668 P.2d 157 (1983).

After remand, the trial court, over the objection of the plaintiffs, granted defendants' oral motion to extend discovery, thus requiring plaintiffs to make their experts available for deposition.

Defendants took the depositions of the four experts on April 10 and 11, 1984. The case went to trial and resulted in a verdict for the plaintiffs in the amount of $208,250 on June 1, 1984.

Pursuant to K.S.A. 60-226(b)(4)(C)(i), all four experts subsequently submitted to defendants bills for their preparation, expenses, and services which they claimed had arisen out of the defendants' depositions. All four experts, Michael McNutt (expert on liability), Gerald Olson (economic expert), Wayne Williams (expert on liability), and Melvin Sierakowski (expert on liability), had been scheduled to testify at trial. All of them did testify with the exception of Sierakowski, who apparently did not do so at the election of plaintiffs.

Defendants paid the bills of Olson and McNutt without dispute. However, defendants disputed in part the bills submitted by Sierakowski and Williams. The disputed portions concerned the time spent by the two experts to prepare for the deposition. For Sierakowski, this constituted $780 or approximately half his total charge for his deposition; for Williams, the preparation expense accounted for approximately $950, slightly more than half of his total charge for his deposition. According to the brief of plaintiffs, Sierakowski's deposition lasted eight hours while Williams' deposition lasted four hours.

Plaintiffs moved the trial court to rule on the question of who should pay for the preparation time for the depositions. The plaintiffs' position was and is that K.S.A. 60-226(b)(4)(C)(i) requires the court to order the party seeking discovery to pay the deponent expert a reasonable fee for his time spent in responding to discovery, which would include the preparation time for the deposition. The defendants take the position that under

K.S.A. 60-2003 and the case of *Wood v. Gautier*, 201 Kan. 74, 439 P.2d 73 (1968), costs of preparation for trial are not ordinarily recoverable as costs and these particular experts' extensive review of the record less than two months prior to trial were exactly for that. At best, defendants contend, plaintiffs were entitled to defendants' payment of only one half of the preparation expenses as the trial judge might award in the exercise of his discretion.

With these arguments, the trial judge weighed the approximate benefit to both sides of the preparation and assessed half the cost thereof to each.

The depositions with which we are here concerned were taken pursuant to K.S.A. 60-226(b)(4)(A)(ii). The pertinent language of K.S.A. 60-226(b)(4)(C) dealing with the depositions of opposing experts reads as follows:

"Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery . . . ."

The parties have not presented, and we have not found, any cases dealing with this precise question. (*Wood v. Gautier.* 201 Kan. 74, the case on which defendants rely, is inapposite as it was decided before this section of K.S.A. 60-226 was enacted.) However, the language of the statute is quite clear that the party seeking discovery is to pay the expert a reasonable fee for time spent in responding to discovery unless manifest injustice would result from that order. The question presented is whether a "manifest injustice" results when plaintiffs benefit from the defendants' taking of plaintiffs' expert witnesses' depositions so close to the time of trial that plaintiffs are able to use the preparation for the depositions as preparation for trial.

Although there was no concrete evidence as to what further preparation might have been necessary for trial, on appeal we will presume that the trial court's finding that the plaintiffs did substantially benefit from the preparation for the deposition was correct. See *Stayton v. Stayton*, 211 Kan. 560, 506 P.2d 1172 (1973).

The resolution of this issue hinges on what meaning should be given to the term "manifest injustice." As was stated above, no factually similar cases have been found. In the instant case, there is nothing in the record to indicate that either party proceeded in an inappropriate manner. Although the depositions were de-

layed three years, the delay was essentially due to the summary judgment being granted and its subsequent appeal and reversal. The time spent by the experts and the fees charged do not appear to be unreasonable considering the amount involved in the case and the apparent complexity of the depositions. There is no indication that the depositions were unnecessary or were unduly prolonged due to the actions by plaintiffs. The timing of the depositions was determined by defendants, who delayed taking them for valid economic reasons until six weeks before trial.

The trial court's rationale coincides with defendants' argument on appeal that since plaintiffs derived benefit from the preparation their experts did for the depositions, the costs of preparation should either be split or totally disallowed. The trial court and defendants have thus implicitly asked this court to interpret the statute to read that if a plaintiff benefits from the taking of the deposition, the trial court must determine the amount of benefit received by the plaintiff and deduct that benefit from the amount to be paid by the defendant or a manifest injustice will result.

We do not see this as a proper interpretation of the statute. Depositions of opposing experts in this matter took place only at the insistence of the defendants over the objections of the plaintiffs. It was the defendants' choice to depose the witnesses at a time close to trial. To give the statute the interpretation proposed by defendants would not heed the language of the statute. Manifest injustice does not result simply because the plaintiffs may be benefited by the timing of the defendants' depositions. To find so would needlessly complicate the administration of this statute by requiring the trial judge to make a determination in each instance of how much a plaintiff was benefited by having his expert's deposition taken by the opposition. The party whose expert's deposition is taken will usually gain something, if only an insight into the possible lines of attack, or giving his experts an opportunity to deal with cross-examination prior to trial. More to the point, it can always be argued that when preparing for the deposition the expert also was preparing for trial even if the trial is some period of time in the future.

In sum, we believe defendants' contention—that plaintiffs' experts' preparation for the depositions was also preparation for the trial—is irrelevant to the determination whether the preparation was necessary for the depositions. It is presumed that an

expert will be well prepared for the deposition so as to be able to respond appropriately to it. Moreover, the fact that plaintiffs may have also benefited from defendants' deposing of plaintiffs' expert witnesses does not as a matter of law reach the level of manifest injustice which must be found before the defendants can be released from any of the costs of the depositions that they requested.

We therefore hold that the trial court erred in holding that the defendants should be required to pay only one half of plaintiffs' experts' preparation time for the depositions. The matter is therefore remanded to the trial court for disposition consistent with this decision.

Reversed and remanded with directions.