No. 47,320

Dila Joan Ostrander, *Appellant*, v. Richard Dean Ostrander, *Appellee*.

(522 P. 2d 183)

Opinion filed May 11, 1974.

*Charles F. Forsyth* and *Clark M. Fleming*, of Erie, were on the brief for the appellant.

*Steven W. Rogers*, of Fredonia, was on the brief for the appellee.

*Per Curiam:* This is an appeal from a post-judgment order in a divorce case which denied the plaintiff's wife motion to increase child support and to modify the original decree to permit the plaintiff to mortgage certain real estate which had been awarded to plaintiff subject to a lien in favor of the defendant husband. On this appeal the plaintiff first contends that the trial court erred in not increasing child support. On appellate review this court will not disturb an order pertaining to child support absent a showing of manifest abuse of discretion. (*Thompson v. Thompson,* 205 Kan. 630, 470 P. 2d 787.) On the evidentiary record before us we cannot say that the district court abused its discretion here. As her second point the plaintiff contends that the trial court abused its discretion in refusing to modify the property settlement and decree to permit her to mortgage the real estate. In *Drummond v. Drummond,* 209 Kan. 86, 495 P. 2d 994, we held that "a trial court after entering an original decree which determines a division of property has no continuing jurisdiction of that part of the decree and no power to modify that part of the decree." In view of *Drummond* it is clear that the trial court was correct in holding that it had no jurisdiction to subordinate the defendant's lien to the mortgage lien proposed by the plaintiff.

The judgment is affirmed.