(29 P.3d 454)

No. 85,962

In the Matter of the Marriage of IRVING E. BOLDRIDGE, *Appellant*, and SOPHIA E. BOLDRIDGE, *Appellee*.

Opinion filed August 3, 2001.

*Kent Docking*, of Kansas City, for the appellant.

*John R. Kurth*, of Garrity, Kuckelman & Kurth, of Atchison, for the appellee.

Before RULON, C.J., LEWIS, J., and WAHL, S.J.

LEWIS, J.: Appellant, Irving E. Boldridge, appeals from an order of the trial court awarding his ex-wife, Sophia E. Boldridge, 50% of an asset Irving acquired more than 3 years after the parties were divorced.

We reverse the decision of the trial court.

Irving and Sophia were married in 1955 and divorced in 1995. The divorce divided the assets of the parties and dissolved their marriage.

In February 1999, Irving filed a claim in the Black Farmers' Class Action lawsuit. This was a class action brought against the United States Department of Agriculture for discrimination against African-American farmers. Irving's claim arose from loans denied by the United States Department of Agriculture on real estate owned by Irving and Sophia during their marriage. By joining the lawsuit, Irving received $50,000 plus the sum of $12,500 paid directly to the Internal Revenue Service. Although it is clear that the claim did not exist at the time of the parties' divorce and Irving was not guilty of fraud or any misleading conduct about that claim

in the divorce action, he did not tell her about the claim at the time he made it.

After a hearing on March 17, 2000, the trial court, in the exercise of its equitable powers, awarded Sophia one-half of Irving's settlement based upon her participation in the farming operation during the 40-year marriage. Irving appeals from that decision.

As we view it, the question to be answered by this court is whether the trial court had jurisdiction to reopen the parties' property division, which was part of the divorce decree. That question is a question of law over which our review is unlimited. See *Cypress Media, Inc. v. City of Overland Park*, 268 Kan. 407, 414, 997 P.2d 681 (2000).

A court has no continuing jurisdiction to change or modify the division of property after entering an original divorce decree. *Ostrander v. Ostrander*, 214 Kan. 859, 522 P.2d 183 (1974).

In this case, Irving and Sophia were officially divorced on October 30, 1995, and a final property division was made at that time. Over 3 years later, Irving was approached regarding the Black Farmers' Class Action lawsuit, he joined that class and was later awarded $50,000. Sophia concedes that Irving did not hide any information from her concerning the class action suit and did not make the claim until after the divorce was final.

K.S.A. 2000 Supp. 60-1610(b)(3) provides that matters settled by a separation agreement incorporated into a divorce decree shall not be subject to subsequent modification by the court except as prescribed by the agreement or consented to by the parties. In this case, there is no evidence of a written settlement agreement between the parties, but the finality of a divorce decree is favored in this state by statute and by case law.

While we have some uncertainty as to exactly what statute Sophia's motion was filed under, the fact is it was filed approximately 46 months after the divorce decree had become final.

In the absence of any specific evidence to the contrary, we can only assume that the motion was filed under K.S.A. 60-260(b). That statute permits a court to reconsider issues from a final judgment under certain circumstances:

"On motion and upon such terms as are just, the court may relieve a party or said party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under K.S.A. 60-259(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subsection (b) does not affect the finality of a judgment or suspend its operation. This section does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in K.S.A. 60-309 or to set aside a judgment for fraud upon the court."

As we stated earlier, it appears there was no written settlement agreement between the parties as neither party has produced such an agreement. If no such agreement existed, then K.S.A. 60-260(b) requires that a motion for relief be filed within a reasonable amount of time or within 1 year after the judgment takes effect as to the grounds stated in subparagraphs (1), (2), and (3). It is perfectly obvious that the motion in this case was not filed within 1 year after the judgment took effect. This would eliminate all grounds other than grounds (1), (2), and (3) as possible grounds for reopening the divorce decree. However, in order for the court to have had jurisdiction under those grounds, the motion must have been filed within a reasonable time.

The record clearly shows that Irving did not conceal property during the time the decree of divorce was entered. The class action lawsuit in which he joined had not even been contemplated at the time his divorce was granted. We conclude the passage of 46 months from the time the divorce decree was filed to the time the motion was filed is an unreasonable period of time. Accordingly, the trial court would have had no authority under any of the provisions of 60-260(b) to reopen the divorce decree and to modify it.

We hold the trial court did not have jurisdiction to modify the divorce decree or to award one-half of Irving's lawsuit settlement to Sophia. It is possible that Sophia could have filed a separate cause of action for her share in the proceeds, but we conclude that a modification of the divorce decree was not within the jurisdiction of the trial court.

Our decision that the trial court was without jurisdiction to modify the divorce decree renders the other issues raised moot, and we do not reach those issues.

We reverse the decision of the trial court attempting to reopen the divorce decree of the parties and awarding Sophia one-half of Irving's settlement in the Black Farmers' Class Action lawsuit.

Reversed.