NOT DESIGNATED FOR PUBLICATION

No. 123,675

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLEDITH BOHANON,
*Appellant*,

v.

PATTI KEEN, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed September 17, 2021. Reversed and remanded with directions.

*Cledith Bohanon*, appellant pro se.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, for appellees.

Before HILL, P.J., ATCHESON and WARNER, JJ.

PER CURIAM: Courts should liberally construe pleadings that inmates prepare without the help of an attorney. Alleging that prison officials had violated his constitutional rights by systematically opening his legal mail without him being present, an inmate at the Hutchinson Correctional Facility, without the benefit of an attorney, sued the warden in a limited action case. He sought money damages, injunctive relief, and a declaratory judgment as well as his legal costs. Because a party cannot obtain declaratory and injunctive relief in a limited action case, the district court dismissed his lawsuit. Should the court have looked at the lawsuit in a different way?

1

Cledith Bohanon filed his lawsuit in July 2020 in Reno County District Court. Bohanon is no stranger to that court. Bohanon has petitioned the district court several times under K.S.A. 60-1501 during his incarceration. That statute allows an inmate to challenge the conditions of confinement and seek relief for continuing mistreatment of a constitutional nature. See *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009).

By our count Bohanon has filed five such lawsuits. See *Bohanon v. Keen*, No. 122,180, 2020 WL 4378017 (Kan. App. 2020) (unpublished opinion); *Bohanon v. Schnurr*, No. 117,492, 2017 WL 5951624 (Kan. App. 2017) (unpublished opinion); *Bohanon v. Cline*, No. 114,302, 2016 WL 4585091 (Kan. App. 2016) (unpublished opinion); *Bohanon v. Heimgartner*, No. 109,023, 2013 WL 3970213 (Kan. App. 2013) (unpublished opinion); *Bohanon v. Kansas Parole Bd.*, No. 93,176, 2005 WL 638122 (Kan. App. 2005) (unpublished opinion).

But his most recent habeas petition gives us a clue why he filed this limited action case which is the subject of this appeal. In that habeas petition, Bohanon claimed that prison mail officials had violated his constitutional rights by opening legal mail outside his presence in July 2017. He sought compensatory and punitive damages, as well as injunctive and declaratory relief and his legal costs. The district court construed the petition as a claim for property loss and found that it lacked jurisdiction because Bohanon had not followed the procedure for bringing that type of claim.

A panel of our court disagreed and construed the claim as a habeas petition under K.S.A. 60-1501. 2020 WL 4378017, at *2-3. Even so, the panel found that dismissal was appropriate because Bohanon had petitioned well outside the 30-day time limit set by K.S.A. 2019 Supp. 60-1501(b). 2020 WL 4378017, at *2.

Bohanon continued to have issues with the prison's handling of his mail. In February 2020, he filed a grievance with the prison alleging that prison mail officials had

2

again opened his legal mail outside his presence. After getting no response, Bohanon filed several other grievances. The warden eventually concluded that no action was warranted. Bohanon appealed that decision to the Secretary of Corrections, who affirmed the warden's decision.

Unhappy with that result, Bohanon filed this lawsuit within 30 days of the Secretary's decision in the county where he is incarcerated. The petition, which he prepared himself, alleged that prison mail officials had violated his rights under the First Amendment to the United States Constitution by opening legal mail outside his presence in February 2020. Bohanon alleged that this incident was part of a systemic practice. And he again sought money damages, injunctive relief, a declaratory judgment, and legal costs. But this time, Bohanon asserted that his petition was a limited action claim under K.S.A. Chapter 61.

*Limited actions offer limited relief.*

Limited action cases are governed by the Code of Civil Procedure for Limited Actions, K.S.A. 61-2801 et seq. That Code provides simplified procedures for some lawsuits that arise out of a contract or do not exceed $25,000. See K.S.A. 2020 Supp. 61-2802(a). The Code also limits the types of cases that can be brought as limited actions. Relevant here, petitioners cannot seek declaratory judgments or injunctive relief in limited action cases. K.S.A. 2020 Supp. 61-2802(b)(9), (b)(11).

The district court relied on those limitations and dismissed Bohanon's petition for failing to state a claim. The court found that Bohanon's request for declaratory and injunctive relief were unavailable in limited action cases and that Bohanon had not alleged a contractual breach or pleaded the elements of a tort claim. The court reaffirmed that ruling after Bohanon asked it to reconsider. Bohanon now appeals to this court.

3

*In considering lawsuits concerning the conditions of confinement of prisoners, we look to substance over form.*

Bohannon did state a claim upon which relief could be granted: prison officials repeatedly opened and read his incoming legal mail in violation of his First Amendment rights. Courts are more interested in the claim and not how it was packaged and presented.

Pro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial. Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review. See *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010).

By applying the rule in *Kelly* here, we conclude that the district court erred by construing Bohanon's petition as a limited action claim under Chapter 61. To be fair, that is how Bohanon characterized his claim. But courts give effect to the content, not label, of a pro se pleading, and the substance of Bohanon's claim is that prison officials had violated his constitutional rights when his mail was opened when he was not there. That is better characterized as a claim under K.S.A. 60-1501, which allows an inmate to challenge the conditions of confinement and seek relief for continuing mistreatment of a constitutional nature. Bohanon at first tried to challenge the prison officials' actions through the prison's grievance process, but after exhausting administrative remedies there, he brought this petition.

It is true that Bohanon sought compensatory and punitive damages for the violation of his rights and those damages are unavailable in a habeas corpus proceeding. See *Foster v. Maynard*, 222 Kan. 506, 513, 565 P.2d 285 (1977); *Bryant v. Barbara*, 11

Kan. App. 2d 165, 167, 717 P.2d 522 (1986). But Bohanon also sought declarative and injunctive relief.

As the panel of our court that ruled on Bohanon's last habeas petition found, "though the fact that Bohanon requested an unavailable remedy might affect the ultimate outcome of his claim, it does not transform" his habeas claim into another type of claim. *Bohanon*, 2020 WL 4378017, at *3.

We cannot ignore the seriousness of Bohanon's claims. Several federal Circuit Courts of Appeal have recognized this type of claim. See *Haze v. Harrison*, 961 F.3d 654, 658 (4th Cir. 2020) (finding that inmate raised First Amendment free-speech claim when prison workers repeatedly opened legal mail outside inmate's presence.); *Al-Amin v. Smith*, 511 F.3d 1317, 1334 (11th Cir. 2008) (finding that a state prison's pattern and practice of opening legal mail outside the inmate's presence is a First Amendment violation that does not require actual injury.); *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) (same); *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003) (holding that a First Amendment violation occurs if legal mail is opened outside the presence of a prisoner who has specifically requested otherwise); but see *Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993) ("[T]he violation of the prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional rights.")

Bohanon has also alleged that his rights have repeatedly been violated. Although Bohanon cited just one instance of his legal mail being opened in his initial petition, in later filings with the district court he asserted that prison workers had repeatedly opened his incoming legal mail and he asked the court to take judicial notice of his last case before this court. 2020 WL 4378017. In that case Bohanon alleged that prison workers had opened his mail four other times.

We conclude that dismissal is not appropriate under these circumstances. Bohanon has alleged repeated violations of his constitutional rights under a legal argument that several federal circuit courts have recognized. We do not believe that it can be established at this stage that Bohanon has no right to relief. So we reverse the district court and remand the matter with directions to construe Bohanon's petition as a K.S.A. 60-1501 petition. We do not know if he is entitled to any relief, but we do know he has a right to make his claim in court.

We do not ignore the State's complaints about Bohanon's legal drafting. The State contends that Bohanon has not complied with Supreme Court Rule 6.02(a) (2021 Kan. S. Ct. R. 35). The State complains that Bohanon has merged his discussion of facts and legal authority, has failed to cite to the record, and has provided an unhelpful "nature of the action" section. It asks us to reject Bohanon's claim without considering it on the merits. We decline the State's request.

Bohanon asked for court-appointed appellate counsel after losing in the district court. The district court denied that request, finding that this case was a civil action seeking monetary damages. So Bohanon prepared his appellate briefs without the help of an attorney. We appreciate that it can be difficult to respond to that type of brief, but the fact is that Bohanon has no legal training and was denied help from appellate counsel after requesting it. We look to substance over form in these cases. But that does not mean that Bohanon will have to go it alone on remand.

We note that indigent litigants have the right to court-appointed counsel in the district court under K.S.A. 22-4506(b). Thus, if Bohannon is indigent and seeks court-appointed counsel on remand, we direct the district court to appoint counsel to assist Bohanon.

Reversed and remanded with directions.